MAY KING v. THE STATE.

No. 17735.   Delivered November 13, 1935.

The opinion states the case.

*Frank Judkins,* of Eastland, and *J. M. Parker,* of Gorman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Leon Robinson by shooting him with a pistol.

It was the State's theory, given support in the testimony, that appellant shot deceased as he approached her automobile. Appellant testified that deceased committed suicide and that after he shot himself she attempted to take her own life. She testified further that she and deceased had maintained illicit relations. The testimony of the State, as well as that of appellant, was to the effect that appellant had been shot twice.

In her motion for a new trial appellant averred that a prejudiced juror had been impaneled. The proof adduced on the motion disclosed that appellant had been previously tried for the same offense. One of the jurors had been present in court and had heard some of the testimony adduced on the former trial. On his voir dire examination the juror testified that he had been present a few times during the former trial. He declared, however, in response to questions by the district attorney and appellant's counsel, that he entertained no opinion as to the guilt or innocence of appellant and had no prejudice against her. On the hearing of the motion for a new trial appellant called a witness who testified that said juror had stated to him after he had heard the testimony at the former trial that "it looked like any jury would find her (appellant) guilty on general principles." The juror was not called to deny that he had made the statement attributed to him by the witness. As the record stands, the testimony of said witness that the juror had made the declaration was uncontroverted.

Under the Constitution, appellant was entitled to a fair and impartial jury. Constitution of Texas, Art. 1, sec. 10. An impartial jury consists of twelve impartial jurors. Adams v. State, 243 S. W., 474. The jury acts as a unit, and the

disqualification or prejudice of one of its members is sufficient, upon motion for a new trial, to vitiate the verdict. Bolt v. State, 16 S. W. (2d) 235; Adams v. State, supra. When a prejudiced juror is secured without fault or lack of diligence on the part of the accused or his counsel, they acting in good faith upon his responses to questions upon his voir dire, having no knowledge of their inaccuracy, there exists good ground for a new trial. Long v. State, 10 Texas App., 198; Adams v. State, supra. The record reflects that appellant and her counsel were without fault or lack of diligence, and that they were misled by the statement of the juror that he entertained no opinion as to the guilt or innocence of appellant and had no prejudice against her.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.