**Darryl Jerome WILLIAMSON,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–97–01340–CR.**

Court of Appeals of Texas,
Dallas.

March 19, 1999.

Fred L. Tinsley, Dallas, for appellant.

Wendy Koster, Asst. Dist. Atty., Dallas, for the State.

Before Justices MORRIS, WHITTINGTON, and MOSELEY.

## OPINION

JOSEPH B. MORRIS, Justice.

In this appeal we determine whether a defendant, whose case has been previously reversed and remanded solely for a new punishment hearing, may introduce evidence at the new hearing to support his contention that he was not the person who committed the crime. Darryl Jerome Williamson successfully obtained post-conviction habeas corpus relief because his counsel rendered ineffective assistance at the punishment stage of his burglary trial. On remand from the habeas corpus proceeding, the trial court held a new punishment hearing. Appellant now challenges the trial court's decision at the new hearing to exclude exonerating evidence, insisting he was constitutionally and statutorily entitled to offer evidence of his innocence at the new punishment hearing. Appellant also contests the amount of credit he was given against his sentence because of time already spent in jail. We conclude appellant is not entitled to have exonerating evidence admitted at his retrial on punishment. Based on the following discussion, however, we modify the judgment to correct the amount of time to be credited against appellant's sentence. We affirm the judgment as modified.

The background of the case is not complicated. Before the start of the new punishment hearing, appellant objected to being retried only for punishment purposes. The trial court overruled his objections. During the hearing, appellant attempted to cross-examine an eyewitness and the arresting police officer on the matter of identity. The trial court permitted appellant to cross-examine the police officer, but sustained the State's objection with respect to the eyewitness. Appellant filed his appeal after being re-sentenced, asserting three points of error. His second and third points of error relate to his claim that he was entitled to introduce exonerating evidence. We address these two points of error first.

In his second point of error, appellant challenges the trial court's decision to disallow cross-examination of the eyewitness on the matter of identity. He contends the Texas Code of Criminal Procedure permits him to raise the question of whether he was actually the perpetrator of the crime so that the new jury, if it believed him, could assess a lesser punishment. He also contends, irrespective of the statute, that he has a general right to have the jury consider evidence of innocence during punishment because that is what happens in the usual situation where the same jury hears all the evidence in both phases of trial. We address appellant's statutory argument first.

Resolution of the statutory issue requires us to construe parts of two statutes in the code of criminal procedure. The first is found in article 44.29(b). It provides, in pertinent part, that if an appellate court awards a new trial to a defendant previously convicted of a noncapital

crime because of error made only in the punishment stage of trial, the case on remand stands in the same position as if a new trial had been granted, except that the trial court must begin the new trial as if a finding of guilt had been returned and proceed directly to the punishment stage of the trial. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.1999). Article 44.29(b) further provides that, at the new punishment trial, the court must allow both parties to introduce evidence to show "the circumstances of the offense and other evidence as permitted by Section 3 of Article 37.07" of the code. *Id.*

■ Section 3 of article 37.07 describes the type of evidence the parties may offer at a punishment hearing. It permits "any matter the court *deems relevant to sentencing*, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried...." TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp. 1999) (emphasis added). The law is clear that exonerating evidence is not admissible under article 37.07, section 3(a) because it is not relevant to the assessment of punishment. *See Nixon v. State*, 572 S.W.2d 699, 701 (Tex.Crim.App. [Panel Op.] 1978); *Bisby v. State*, 907 S.W.2d 949, 960 (Tex. App.-Fort Worth 1995, pet. ref'd).

Appellant argues, however, that article 44.29(b), in contrast to article 37.07, permits exonerating evidence at retrial on punishment. His argument is two-fold. He asserts that article 44.29(b) provides for two types of evidence: punishment evidence admissible under article 37.07, section 3 and the circumstances of the offense. He further asserts that "the circumstances of the offense" are admissible

under article 44.29(b) separate and apart from their admissibility under article 37.07, section 3(a). Appellant argues that article 44.29(b) entitles him to revisit the issue of guilt and introduce "circumstances of the offense" supporting his theory of innocence because article 44.29(b) does not contain the restriction found in article 37.07 that the evidence be "relevant to sentencing."

■ The language in article 44.29(b) appears redundant in that it allows evidence of the "circumstances of the offense" as well as "other evidence as permitted by Section 3 of Article 37.07," which also includes circumstances of the offense. We conclude, however, that the redundancy is nothing more than a legislative oversight. It does not have the legal significance appellant urges.

Prior to 1987, article 44.29 did not provide for retrial on punishment issues alone. If reversible error was found to have occurred in any stage of the trial, a complete new trial was required.[1] In 1987, the legislature amended article 44.29 so that error found occurring at punishment would require retrial of punishment only.[2] This amendment for the first time contained the provision permitting evidence of the "circumstances of the offense." At that time, the amendment was not redundant with article 37.07 because article 37.07 did not then permit evidence of the "circumstances of the offense" as it does today.[3]

Thus, it appears the language in article 44.29(b) that is now redundant with article 37.07, section 3(a) was merely an acknowledgment that, practically speaking, the trial court must allow at re-sentencing evidence of the "circumstances of the offense" because a newly empaneled jury would not be familiar with the facts of the offense.

---

1. *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, art. 44.29, 1965 Tex. Gen. Laws 317, 517.

2. *See* Act of May 11, 1987, 70th Leg., R.S., ch. 179, § 1, art. 44.29(b), 1987 Tex. Gen. Laws 1387, 1388.

3. *See* Act of May 26, 1987, 70th Leg., R.S., ch. 385, § 19, art. 37.07, 1987 Tex. Gen. Laws 1891, 1898.

The inclusion of the language is merely a common sense recognition that a jury cannot fairly assess a sentence without knowing those details of the crime that the first jury found to be true when it convicted the defendant.[4]

In 1993, article 37.07, section 3(a) was amended to add "circumstances of the offense," as well as other specific types of evidence that would be permissible at punishment.[5] The provision in article 44.29(b) was not deleted by the legislature and, thus, became redundant with the same phrase used in article 37.07, section 3(a). This legislative oversight does not change the original purpose of article 44.29(b), which was to inform the new jury of the facts surrounding the offense that supported the conviction. Appellant's argument that evidence of the "circumstances of the offense" includes exonerating circumstances for purposes of article 44.29(b) is incorrect. We conclude the code of criminal procedure does not permit a defendant to introduce evidence of innocence at retrial on punishment.

■■■ Furthermore, appellant's argument that he has a *general right to introduce evidence of innocence at re-sentencing* irrespective of article 44.29(b) is not persuasive. We see no rationale for admitting at a re-sentencing hearing evidence *that is not permitted in the punishment phase of a defendant's initial trial.* Even assuming appellant is correct that exonerating evidence introduced during the guilt phase of a defendant's initial trial might affect the jury's sentencing decision and result in a compromise verdict of "guilty" in exchange for a moderate sentence, this does not give appellant the right to seek such a result by introducing *exonerating evidence during re-sentencing.* Indeed, this type of compromise verdict

was a shortcoming of the unitary trial system that the bifurcated system was designed to correct. *See generally Brumfield v. State*, 445 S.W.2d 732, 738 (Tex. Crim.App.1969) (op. on reh'g).

The evidence appellant sought to introduce through cross-examination of the State's witnesses suggested appellant was not the person who committed the offense. As such, it was irrelevant to appellant's punishment and inadmissible. *See Mayfield v. State*, 803 S.W.2d 859, 866 (Tex. App.-Corpus Christi 1991, no pet.). The trial court did not err in sustaining the State's objection. We overrule appellant's second point of error.

■■ In his third point of error, appellant argues in the alternative that article 44.29(b), as we construe it above, is unconstitutional. Specifically, he asserts that his right to "trial by an impartial jury" means that he is entitled to have the same jury decide guilt and punishment. *See* Tex. Const. art. I, § 10. He complains that this right is violated by the statutory procedure whereby error occurring in the punishment phase of trial results in a new punishment trial before a jury different from the one that decided guilt. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (Vernon Supp.1999) (providing that punishment shall be assessed by the same jury that decided guilt, except as provided in article 44.29). He also urges that the statutory procedure violates his due process rights because the jury at re-sentencing does not hear the circumstances of the offense that show innocence.

Citing *King v. State*, 129 Tex.Crim. 371, 87 S.W.2d 726 (1935), appellant contends that an impartial jury consists of twelve, not twenty-four, impartial jurors. The number of jurors required in a criminal prosecution was not the issue decided in

---

4. Although we address this issue in terms of a jury being the fact finder at both phases of trial, we acknowledge that a judge may be the fact finder in either phase. The reason for admitting at retrial on punishment the circumstances of the offense supporting guilt applies equally regardless of who the fact finder is.

5. *See* Act of May 29, 1993, 73 [rd] Leg., R.S., ch. 900, § 5.05, art. 37.07, 1993 Tex. Gen. Laws 3586, 3759.

*King,* however. The holding in *King* is that a defendant is entitled to twelve impartial jurors and the existence of one partial juror on a jury is sufficient to vitiate the verdict. *Id.* at 726–27. Appellant cites no persuasive authority for his proposal that the Texas right to jury trial demands the same jury decide guilt as well as punishment.

 In fact, the right to have a jury decide punishment is not constitutional but statutory, and the legislature may alter it or abolish it entirely. *See Klasing v. State,* 771 S.W.2d 684, 687 (Tex.App.-Corpus Christi 1989) (holding that jury trial right does not include right to have jury assess punishment), *aff'd,* 812 S.W.2d 322 (Tex.Crim.App.1991). Essentially, appellant wants the new jury to revisit the issue of guilt for purposes of re-sentencing even though the first trial determining his guilt was error free. But appellant has no constitutional right to a second trial to determine guilt. *See Goodlow v. State,* 766 S.W.2d 352, 354 (Tex.App.-Texarkana 1989, pet. ref'd). Appellant's complaint is grounded merely on the unsupported assertion that he has a due process right to have the jury that determines punishment hear exonerating evidence. As we previously discussed, appellant has no right to seek compromise verdicts. Accordingly, we overrule appellant's third point of error.

 In his first point of error, appellant contends the written judgment in this case conflicts with the trial court's verbal pronouncement about the amount of back time credit he earned against his sentence because of the time he was incarcerated. The State concedes the judgment is incorrect in this regard, and the record provides sufficient data to correct the judgment. Accordingly, we sustain appellant's first point of error, and under the authority of *Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd), and Texas Rule of Appellate Procedure 43.2(b), we modify the trial court's judgment to grant appellant credit for the period from March 8, 1993 to March 12, 1997.

We affirm the trial court's judgment as modified.