Alex ERAZO, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–01–01195–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 17, 2005.

Douglas M. Durham, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and FROST.

## OPINION ON REMAND

KEM THOMPSON FROST, Justice.

This is a murder case. A previous panel of this court considered whether the trial court erred in admitting an autopsy photograph of a dead fetus removed from the deceased complainant and found no error. The Court of Criminal Appeals disagreed and remanded the case to this court for a harm analysis. After reviewing the entire record on remand, we do not have fair assurance that this photograph did not influence the jury or that it influenced the jury only slightly in assessing appellant's punishment. Accordingly, we affirm appellant's conviction and reverse and remand to the trial court for a new punishment hearing.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Alex Erazo, was convicted of murdering his seven-month-pregnant girlfriend, who was carrying his child, by shooting her in the back of the head. The jury assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for life and a $10,000 fine. On appeal, this court affirmed the trial court's judgment, holding that the trial court did not err in admitting in evidence during the punishment phase an autopsy photograph of the dead fetus removed from the murder victim. *Erazo v. State,* 93 S.W.3d 533, 535–36 (Tex.App.-Houston [14th Dist.] 2002), *rev'd in part,* 144 S.W.3d 487 (Tex.Crim. App.2004). The Court of Criminal Appeals held that the trial court abused its discretion in determining that the probative value of the autopsy photograph was not substantially outweighed by the danger of unfair prejudice. *Erazo v. State,*

144 S.W.3d 487, 488–96 (Tex.Crim.App. 2004). The Court of Criminal Appeals remanded the case to this court to determine the harm, if any, resulting from the error. *Id.* at 496.

## II. HARM ANALYSIS

**Does this court have fair assurance that the trial court's erroneous admission of the autopsy photograph of the murder victim's dead fetus did not influence the jury's punishment verdict or had only a slight effect thereon?**

The trial court's erroneous admission of the autopsy photograph of the deceased complainant's dead fetus is harmless error if, after reviewing the entire record, we have fair assurance the error did not influence the jury, or had but a slight effect upon the jury's verdict in the punishment phase. *See* TEX.R. APP. P. 44.2(b); *Reese v. State,* 33 S.W.3d 238, 243 (Tex.Crim. App.2000). After reviewing the whole record, we conclude that the admission of this evidence was harmful error.

The photograph in question depicted a small and helpless unborn child. *See Erazo,* 144 S.W.3d at 495. Furthermore, this autopsy photograph did not depict the deceased complainant, Kendy Palma; it showed only her dead unborn child. *See Reese,* 33 S.W.3d at 244 (finding it significant to harm analysis that erroneously admitted photograph of victim and her dead fetus depicted only one of the two people—the mother of the fetus—whose deaths were the basis of appellant's capital-murder conviction). This image of the deceased complainant's dead fetus was likely to appeal to the jury's emotions and encourage the jury to make its punishment decision on an emotional basis. *See Erazo,* 144 S.W.3d at 495.

The State, however, argues that the erroneous admission of the autopsy photograph was harmless error because the State did not emphasize the victim's unborn child during the punishment phase to provoke the jury into assessing a life sentence. Instead, the State contends, its primary focus in its punishment-phase case was the seriousness of the charged offense and appellant's criminal record. However, the State's closing argument undermines this assertion. Although the State initially focused on Palma's murder and appellant's criminal record, the end of the State's argument focused on the unborn child and called special attention to the photograph of the dead fetus. The State imparted these final thoughts to the jury just before its deliberations:

Yesterday I introduced a photo into evidence which was marked Exhibit No. 66. I know most of you didn't want to look at it. I didn't want to offend you in any way and I can understand why you didn't want to look at it. Believe me, I understand, but I want to remind you of what we talked about on voire dire. I believe I said at the beginning or asked who of you watched those T.V. shows like The Practice and Law and Order. I told you that we're not here to entertain you. This whole thing is far more serious than that.

The reason that was important is that I knew when I introduced that photograph that you would be asked to look at it so you can appreciate just how serious this is and far reaching and devastating an effect this defendant's crime has had. When he murdered Kendy Palma, he ended her life. He also ended what was a normal healthy pregnancy and what should have resulted in a beautiful child. That's a very serious thing and he deserves to pay a serious penalty for it. His actions are final. They cannot be changed, but they can be punished in a just way.

Ladies and gentlemen, I'm not asking you for a number. When you go back there and deliberate, I'm going to ask

you for a word and that word is life because that's what this defendant deserves. Thank you.

Thus, in its final statements to the jury, the State twice referred to the erroneously admitted autopsy photograph, once specifying the exhibit number. The State also emphasized at least four times the importance of this photograph and the strong impact the State believed the photograph would have on the jury. The State's closing-argument emphasis on the autopsy photograph of the unborn child is significant to our harm analysis. *See Reese*, 33 S.W.3d at 244 (finding it significant to harm analysis that State emphasized victim's dead unborn child at end of State's closing argument during punishment phase).

The punishment range in the case at bar is five years to ninety-nine years or life imprisonment. *See* TEX. PEN.CODE ANN. § 12.32 (Vernon 2004). Therefore, the jury assessed the maximum possible punishment. In assessing punishment for appellant's intentional killing of his girlfriend, who was pregnant with his child, the jury might have assessed punishment at confinement for life, even in the absence of their consideration of the photograph in question. However, the jury also could have assessed a more lenient sentence. *See, e.g., Godwin v. State*, 899 S.W.2d 387, 388–89 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd) (affirming conviction for murder of man by stabbing him more than seventeen times in the neck and torso, in which the jury assessed punishment at twenty years' confinement).

This case is factually similar in some respects to *Reese*. In *Reese*, the defendant was sentenced to death after a pun-ishment hearing at which the trial court admitted a posed photograph of one of his victims and her dead unborn child in a casket. *Reese*, 33 S.W.3d at 239. The photograph in the instant case was an autopsy photograph, rather than a posed photograph, and the photograph in this case showed only the dead fetus. *Id.* The photograph in *Reese* showed one of the murder victims as well as her dead fetus. *Id.* In *Reese*, the State admitted at trial that it sought to inflame and prejudice the jury through the admission of the photograph in question. *Id.* at 244. Though there was no such admission in this case, in both *Reese* and the instant case a photograph showing a murder victim's dead fetus was admitted during the punishment phase, and the State referred to the dead fetus during closing argument.

After examining the entire record, we do not have fair assurance that the erroneously admitted photograph did not influence the jury or that it influenced the jury only slightly in assessing appellant's punishment.[1] *See Reese*, 33 S.W.3d at 243–44 (holding erroneous admission of photograph showing deceased victim and her dead fetus was reversible error in capital murder case); *Chapman v. State*, 150 S.W.3d 809, 818 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd) (holding erroneous admission of evidence in punishment hearing was reversible error in case in which jury assessed punishment near maximum and in which State emphasized erroneously admitted evidence in closing argument). Thus, we cannot deem the error harmless.

### III. CONCLUSION

Because we do not have fair assurance that the trial court's erroneous admission

---

1. In support of its argument that the error in this case is harmless, the State cites *Hayes v. State.* 85 S.W.3d 809, 816 (Tex.Crim.App. 2002). However, the only harm analysis contained in that opinion is three sentences long, made in the alternative, and based on overwhelming evidence of guilt in the guilt-innocence phase. *See Hayes*, 85 S.W.3d at 816. *Hayes* is not on point in this case.

of the autopsy photograph of the murder victim's dead unborn child did not influence the jury's punishment verdict or influenced it only slightly, we can only conclude this error was harmful. Accordingly, we affirm appellant's conviction and reverse and remand for a new punishment hearing in accordance with this opinion.