Affirmed and Opinion filed June 10, 2008








Affirmed and Opinion filed June 10, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00639-CR

_______________

 

ALEX ERAZO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 889,940

                                                                                                                                               


 

O P I N I O N








  A jury
convicted appellant, Alex Erazo, of murdering his girlfriend, who was
seven-months pregnant with his child.  The jury initially assessed a life
sentence and $10,000 fine.  We affirmed the judgment.  Erazo v. State,
93 S.W.3d 533 (Tex. App.CHouston [14th Dist.] 2002), rev=d in part, 144 S.W.3d 487 (Tex. Crim. App.
2004).  Subsequently, the Court of Criminal Appeals held that the trial court
improperly admitted a photograph of complainant=s deceased fetus during the
punishment phase and remanded to our court for a harm analysis.  Erazo,
144 S.W.3d at 496.  After concluding the error was harmful, we affirmed
appellant=s conviction but remanded to the trial court for a new punishment
hearing.  Erazo v. State, 167 S.W.3d 889, 891B92 (Tex. App.CHouston [14th Dist.] 2005, no pet.).

On
remand, a new jury assessed a life sentence and $10,000 fine.  We are now
presented with an appeal challenging this punishment.  In three issues,
appellant contends the trial court (1) violated his constitutional right to a
jury trial by instructing the jury to decide punishment only, and (2) erred by
admitting certain evidence.  We affirm.

New Trial on Punishment 








In his
first and second issues, appellant contends the trial court violated his right
to a jury trial under the United States and Texas constitutions by instructing
the jury to decide punishment only.[1]  Although appellant
frames his stated issues as jury-charge complaints, he actually challenges the
constitutionality of Texas Code of Criminal Procedure article 44.29(b).  For
offenses other than capital murder, article 44.29(b) requires, in pertinent
part,  that a trial court conduct only a new punishment hearing when an
appellate court remands solely because of error in the sentencing phase.  See
Tex. Code Crim. Pro. ' 44.29(b) (Vernon Supp. 2007).  The trial court must empanel
a jury for the new punishment hearing if the defendant so elects.  See id.[2] 
Appellant apparently contends article 44.29(b) is facially unconstitutional
because a defendant purportedly possesses a constitutional right to have the same
jury decide guilt and punishment.  Therefore, he suggests the trial court erred
by applying article 44.29(b) instead of conducting a new trial on both guilt
and punishment.[3]  Presuming
that appellant has not waived this issue, we conclude that article 44.29(b) is
not facially unconstitutional.[4]








A sister
court has rejected an identical challenge to article 44.29(b).  Klasing v.
State, 771 S.W.2d 684, 687 (Tex. App.CCorpus Christi 1989, aff=d without op., Klasing v. State, 812
S.W.2d 322 (Tex. Crim. App. 1991).  The court of appeals recognized that the
constitutional right to trial by jury does not include any right to have a jury
assess punishment, which is a statutory right the Legislature may alter or
abolish.  Id.; see also Barrow v. State, 207 S.W.3d 377, 380
(Tex. Crim. App. 2006) (AIt is well established that the constitutional right to a
jury trial does not encompass the right to have the jury assess punishment.@).  Consequently, the court held that
a defendant possesses no constitutional right to have the same jury decide
guilt and punishment.  Klasing, 771 S.W.2d at 687.  The Court of
Criminal Appeals affirmed this decision by published order, without an
opinion.  Klasing, 812 S.W.2d 322; see also Williamson v.
State, 990 S.W.2d 404, 407B08 (Tex. App.CDallas 1999, no pet.) (rejecting claim that article 44.29(b)
is unconstitutional because defendant allegedly possessed right to have same
jury decide guilt and punishment, when holding he was not entitled to present
exonerating evidence during new punishment trial after reversal based on
sentencing error).

Further,
after appellant filed his brief, the Court of Criminal Appeals rejected a
similar constitutional challenge to Code of Criminal Procedure article
44.29(c), albeit in an unpublished opinion.  Thompson v. State, No.
AP-73431, 2007 WL 3208755, at *2B3 (Tex. Crim. App. Oct. 31, 2007)
(not designated for publication).  Article 44.29(c) requires a new hearing only
on sentencing when any court sets aside a death sentence for capital murder due
solely to error affecting punishment.  See Tex. Code Crim. Pro. ' 44.29(c) (Vernon Supp. 2007).  The
Court of Criminal Appeals referenced the lack of any authority holding that the
federal or state constitutions require that the same jury decide separate issues
of guilt and punishment when the death penalty is sought.  Thompson,
2007 WL 3208755, at *3.

Nevertheless,
appellant cites authority in which the United States Supreme Court articulated
the following requirement pursuant to the federal constitution: AOther than the fact of a prior
conviction, any fact that increases the penalty for a crime beyond the
prescribed statutory maximum must be submitted to a jury, and proved beyond a
reasonable doubt.@  Apprendi v. New Jersey, 530 U.S. 466, 476 (2000); see
Ring v. Arizona, 536 U.S. 584, 602 (2002) (discussing Apprendi). 
Appellant does not argue that this ruling applies in his case.  But, he
requests that we extend this ruling and recognize not only a blanket
constitutional right to jury assessment of punishment for a felony conviction,
but also a constitutional right to have the same jury decide guilt and
punishment.








However,
appellant offers no logical support for this leap.  We decline to acknowledge
constitutional rights that our Court of Criminal Appeals and sister courts have
refused to recognize.  In fact, the Thompson court recently rejected the
suggestion that Apprendi and its progeny support a constitutional right
to have the same jury decide guilt and punishment.  See Thompson,
2007 WL 3208755, at *2B3; see also Smith v. State, 74 S.W.3d 868, 873B74 (Tex. Crim. App. 2002) (concluding
Apprendi does not mandate same jury decide guilt and punishment even
when certain factual issues pertinent to sentencing must be submitted to a
jury).

Accordingly,
the trial court did not violate appellant=s federal and state constitutional
right to a jury trial by applying article 44.29(b) and instructing the jury to
decide punishment only.  We overrule appellant=s first and second issues.

Admission of Evidence

In his
third issue, appellant claims the trial court erred by admitting testimony
regarding the weight, condition, and gender of the complainant=s deceased fetus.  Specifically,  Dr.
Albert Chu, a medical examiner, explained certain results of the complainant=s autopsy:

Q:        And did Dr. Moore in her autopsy report note the condition of
the fetus?[5]

A.        Yes, she did.

Q:        Was she able to determine a gestational age of the fetus?

A.        Yeah, based on the weight and size of the fetus she estimated
it to be 28 weeks gestation.

. . . 

Q.        . . . 28 weeks is roughly [complainant=s] seventh - - [complainant] is seven months pregnant,
six to seven months pregnant?

A.        Yes.

. . . 








Q.        The baby, as it was presented to . . . Dr. Moore . . . did it
appear to be healthy?

A.        Yes, she did not identify any congenital abnormalities in the
fetus.

Q.        And you=ve just said that outside of the gunshot wound,
[complainant] appeared, from what Dr. Moore notes, as a healthy woman; correct?

A.        That=s correct.

Q.        So by your reading of the autopsy report, except for the
gunshot wound, it appeared to be a normal and healthy pregnancy?

A.        That=s what is appeared to be, yes.

Q.        How much did the fetus weigh?

. . . 

A.        1 pound, 12 1/2 ounces.

Q.        Was it a baby girl or baby boy?

A.        It was a male.

[APPELLANT=S COUNSEL]:  I=m
going to object to relevance, Judge.

THE COURT:  Sustained.

Subsequently,
the trial court conducted a discussion outside the jury=s presence.  Following arguments of
counsel, the trial court overruled any objection to information regarding the
fetus.  The trial court also changed its earlier ruling relative to testimony
concerning the gender of the fetus.  The court stated that evidence about the
fetus was probative to Avictim impact@ and previously admitted via the autopsy report.








Appellant
argues Dr. Chu=s  testimony regarding the fetus was irrelevant to the jury=s assessment of appellant=s punishment for the complainant=s murder.[6] 
However, with respect to the testimony regarding weight and condition of the
fetus, appellant failed to preserve error on his complaint.  To preserve error
for appellate review, a party must make a timely, specific objection and obtain
an adverse ruling.  Tex. R. App. P. 33.1(a); Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002).  The record reflects that appellant first
objected to the testimony regarding the fetus=s weight and condition after the
above-cited exchange.  Therefore, the objection pertaining to this testimony
was not timely.  See Berry v. State, 233 S.W.3d 847, 857 (Tex.
Crim. App. 2007) (holding defendant failed to preserve complaint under Rule of
Evidence 404(b) because she first objected after witness answered question
regarding extraneous matter at issue).

Relative
to gender of the fetus, even if appellant timely objected, any error in
admitting the testimony was harmless.  Improper admission of evidence is not
reversible error if the same evidence is admitted without objection at another
point in the trial.  See Leday v. State, 983 S.W.2d 713, 718
(Tex. Crim. App. 1998); Chapman v. State, 150 S.W.3d 809, 814 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  As the trial court noted, the
gender of the fetus was shown on the autopsy report, which previously had been
admitted without objection.  Further, a relative of the complainant testified
without objection that the complainant was pregnant with a boy at the time of
her death.  Accordingly, we overrule appellant=s third issue.

The
judgment of the trial court is affirmed.

 

 

/s/        Charles
W. Seymore

Justice

 

 

Judgment rendered and Opinion filed June 10, 2008.

Panel consists of Justices Fowler, Frost, and Seymore.

Publish C
Tex. R. App. P. 47.2(b).









[1]  Appellant does not contend the Texas Constitution
confers any greater or different protection in this regard than the United
States Constitution.  Therefore, we will not address the Texas constitutional
claim separately.  See Black v. State, 26 S.W.3d 895, 896 n.4
(Tex. Crim. App. 2000); Coronado v. State, 148 S.W.3d 607, 608 n.1 (Tex.
App.CHouston [14th Dist.] 2004, no pet.).





[2]  Specifically, article 44.29(b) provides:

 

If the court of appeals or the Court of Criminal
Appeals awards a new trial to a defendant other than a defendant convicted of
[capital murder], only on the basis of an error or errors made in the
punishment stage of the trial, the cause shall stand as it would have stood in
case the new trial had been granted by the court below, except that the court
shall commence the new trial as if a finding of guilt had been returned and
proceed to the punishment stage of the trial under Subsection (b), Section 2,
Article 37.07, of this code.  If the defendant elects, the court shall empanel
a jury for the sentencing stage of the trial in the same manner as a jury is
empaneled by the court for other trials before the court.  At the new trial,
the court shall allow both the state and the defendant to introduce evidence to
show the circumstances of the offense and other evidence as permitted by
Section 3 of Article 37.07 of this code.

 

Tex. Code Crim. Pro. ' 44.29(b).





[3]  After we remanded, appellant did not file a motion
for rehearing requesting that we order a new trial on both guilt and
punishment.  On remand, the trial court obviously complied with our mandate by
conducting a new trial solely on punishment.  Nevertheless, appellant suggests
the trial court should have disregarded our mandate and submitted issues of
both guilt and punishment to the jury because article 44.29(b) is allegedly unconstitutional.





[4]  The State argues appellant waived his complaint by
failing to object in the trial court.  But, the State also cites authority
recognizing a defendant need not object at trial to contend on appeal that a
statute is facially unconstitutional.  See, e.g., Barnett v. State, 201
S.W.3d 231, 232 (Tex. App.CFort Worth
2006, no pet.).  We note that some courts have held this rule applies only when
a defendant challenges the statute upon which his conviction was based because,
if a statute criminalizing the defendant=s
conduct is unconstitutional, the statute is void from inception and confers no
jurisdiction on the trial court.  See, e.g., id. at 232B33 (citing Rabb v. State, 730 S.W.2d 751, 752
(Tex. Crim. App. 1987)).  In this case, appellant does not challenge the
statute upon which his conviction was based.  Regardless, we need not decide
whether appellant waived his complaint because article 44.29(b) is not facially
unconstitutional.





[5]  Another medical examiner performed the autopsy, but
Dr. Chu relayed the findings at trial.





[6]  The Court of Criminal Appeals reversed appellant=s initial sentence because it determined that a
photograph of the deceased fetus admitted during the punishment phase was
substantially more prejudicial than probative.  Erazo, 144 S.W.3d at 488B96.  Moreover, on remand, this court held that
admission of the photograph was harmful. Erazo, 167 S.W.3d at 889B92.  However, neither court held that any information
regarding the fetus was necessarily inadmissible or harmful.  See Erazo,
144 S.W.3d at 488B96; Erazo, 167 S.W.3d at 889B92.