**Affirmed and Majority and Dissenting Opinions filed April 5, 2012.**



In The

# Fourteenth Court of Appeals

———————————

## NO. 14-10-01168-CR

———————————

### BIONDI VERNARD ROLLE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1152256**

## DISSENTING OPINION

The majority holds that although the trial court abused its discretion in admitting the photograph of the unborn child, appellant suffered no harm. Because I believe that admission of this inflammatory photograph harmed appellant, I respectfully dissent.

The majority sets out the proper standard of review for the harm analysis in this case. *See* ante at 4–5. After reviewing the record as a whole, however, I cannot be

certain that the admission of the photograph did not influence the jury or that its influence was only slight. Therefore, I would conclude that the admission of this photograph was harmful error for the following reasons.

The majority relies heavily on *Prible v. State* in analyzing the harm in this case. *See* ante at 8–15. The admission of the autopsy photographs held inadmissible in *Prible* was determined to be harmless error. *See Prible v. State*, 175 S.W.3d 724, 737 (Tex. Crim. App. 2005). I believe the present case is distinguishable for several reasons. Although the court in *Prible* found the admission of the autopsy photographs to be harmless error, the court noted that it was a "close call." *Id.* Several factors push the photograph in the case at hand farther toward harmful error than the autopsy photographs held inadmissible but harmless in *Prible*. First, the autopsy photographs in *Prible* are distinguishable in that they were all "detailed close-ups" and only depicted "disembodied organs and tissue." *Id.* at 736–37. A color photograph, such as the one in this case, is more prejudicial and more likely to incite the jury than the close-up photographs of "neck organs," lungs, the esophagus, or the inside of a stomach viewed by the jury in *Prible*. *See id.* at 736.

Second, the court in *Prible* noted that the autopsy photographs of the children "pale[d] in comparison to the properly admitted post-mortem photographs [of the parents] whose deaths appellant was charged with intentionally causing," which included "extremely grisly photographs" of the mother's body that had been badly burned. *Id.* at 735, 737. In the present case, the photographs of the decedent only depict two small gunshot wounds, a small incision in the decedent's arm where the medical examiner removed a bullet, and a picture of the decedent with her eyes mostly closed—photographs that do not make the photograph here "pale in comparison."

Finally, in holding the error harmless, the *Prible* court noted that the State "did not dwell upon or emphasize the improperly admitted post-autopsy photographs of the children." *Id.* at 737 In this case, the State referred to either the murder of the unborn

child or the unborn child itself at least thirteen times during closing arguments—including in its last statement before the jury retired for deliberations when the State also referenced another photograph of the unborn child that was excluded.

Much like the photograph in *Erazo*, the image here showed only the fetus on an autopsy table. *See Erazo v. State*, 167 S.W.3d 889, 890 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("This image of the deceased complainant's dead fetus was likely to appeal to the jury's emotions and encourage the jury to make its punishment decision on an emotional basis.").[1]  The photograph held harmful in *Erazo* was admitted during the punishment phase and not during the guilt-innocence phase as happened here. *Id.* at 889. However, the test for relevancy is much broader during the punishment phase because the purpose of a punishment proceeding is not to prove guilt, but instead to allow a jury to assess punishment in line with the objectives of the Texas Penal Code. *Bain v. State*, 115 S.W.3d 47, 50 (Tex. App.—Texarkana 2003, pet. ref'd).  Here, the court's error in admitting the photograph is undisputed by the majority.  Thus, if the photograph in *Erazo*, admitted during the punishment proceeding, was deemed harmful error, it follows that a similar photograph could have had an even greater impact during guilt-innocence, when the test for relevancy is significantly narrower.  As in *Erazo*, the image of the deceased fetus was likely to appeal to the jury's emotions and encourage the jury to make its decision on an emotional, rather than rational, basis.  And in this case, we must bear in mind that appellant was not charged with harming the fetus; rather, he was charged with capital murder based on the death of the decedent, which occurred during the commission or attempted commission of burglary of a habitation.

Because the photograph in the case at bar is very similar to the photograph held inadmissible and harmful in *Erazo*, and because the State placed heavy emphasis on the unborn child, I cannot be certain that the erroneously admitted photograph did not

---

[1] This is the opinion issued after the Court of Criminal Appeals found error in the admission of the photograph, *see Erazo v. State*, 144 S.W.3d 487, 496 (Tex. Crim. App. 2004), and remanded to our court for a harm analysis.

influence the jury or that it did so only slightly. *See Reese v. State*, 33 S.W.3d 238, 243 (Tex. Crim. App. 2000). It is possible that the admission of the photograph and the emphasis on the unborn child by the State influenced the jury's finding of guilt, as the jury could—and did—convict appellant of an offense that came with an automatic punishment, of which the jury was aware. At the very least, the photograph may have influenced the jury to convict appellant of capital murder instead of the lesser-included offense of felony murder. For these reasons, I would hold that the admission of this photograph was harmful error and reverse and remand for a new trial.

## CONCLUSION

I agree with the majority that the trial court abused its discretion in admitting the photograph of the unborn fetus in this case. However, I part ways with the majority on the harm analysis. I would conclude that the admission of this prejudicial color photograph, which was completely unrelated to the State's case, resulted in harmful error. Holding that admission of this photograph, which had nothing to do with the charged offense, was harmless error will only encourage the State to continue to offer such inflammatory and unnecessary evidence to attain the maximum sentence possible. When our courts do not play by the rules, the very fabric of our criminal justice system may become frayed and ultimately could be torn. I believe the erroneous admission of the photograph in this case loosened the protective threads of our criminal justice system. Accordingly, I respectfully dissent.


/s/     Adele Hedges
       Chief Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Christopher. (Boyce, J., majority).

Publish — Tex. R. App. P. 47.2(b).