ACCEPTED
06-14-00010-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/26/2015 10:56:34 AM
DEBBIE AUTREY
CLERK

No. 02-13-00578-CR

IN THE
SIXTH COURT OF APPEALS
Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

1/26/2015 10:56:34 AM

DEBBIE AUTREY
Clerk

CATRINA MALDONADO,
Appellant,

V

THE STATE OF TEXAS,
Appellee.

Appealed from the 235th Judicial District Court
Of Cooke County, Texas

---

## MOTION FOR REHEARING

---

HATCHER & HARRIS, P.C.
BELVIN R. HARRIS
Texas Bar No. 09052000
109 West California Street
P.O. Box 279
Gainesville, Texas 76240
Tel: (940) 665-3441
Fax: (940) 665-2000

ATTORNEY FOR APPELLANT
CATRINA MALDONADO

No. 02-13-00578-CR

SIXTH COURT OF APPEALS
Texarkana, Texas

CATRINA MALDONADO,
Appellant,

V

THE STATE OF TEXAS,
Appellee.

Appealed from the 235th Judicial District Court
Of Cooke County, Texas

---

## MOTION FOR REHEARING

---

HATCHER & HARRIS, P.C.


/S/ BELVIN R. HARRIS
Texas Bar No. 09052000
109 West California Street
P.O. Box 279
Gainesville, Texas 76240
Tel: (940) 665-3441
Fax: (940) 665-2000
Billharris6605@att.net

ATTORNEY FOR APPELLANT
CATRINA MALDONADO

No. 02-13-00578-CR

CATRINA MALDONADO,
Appellant,

V

THE STATE OF TEXAS,
Appellee.

---

**IDENTITY OF THE PARTIES & COUNSEL**

---

CATRINA MALDONADO, (called "Maldonado" in this motion)

HATCHER & HARRIS, P.C.
BELVIN R. HARRIS, Attorney for Appellant
109 West California Street
P.O. Box 279
Gainesville, Texas 76240
Tel:  (940) 665-3441
Fax: (940) 665-2000
Billharris6605@att.net

THE STATE OF TEXAS, Appellee, (called "the State" in this motion)

COOKE COUNTY DISTRICT ATTORNEY
JANICE WARDER, Attorney for Appellee
Cooke County Courthouse
101 South Dixon
Gainesville, Texas 76240
Tel:    (940) 668-5466
Fax:  (940) 668-5499

## INDEX OF AUTHORITIES

## <u>CASES</u>

*Reese v. State, 33 S.W. 3d 238 (Tex. Crim. App. 2000)* ............................. 7

*Erazo v. State, 144 S.W. 3d 487 (Tex. Crim. App. 2004)* ............................. 7, 9

*Erazo v. State, 167 S.W. 3d 889 (Tex. App. Houston 14th 2005, no pet.)* ............................................................................................ 7, 9

<u>*Texas Rules of Evidence,* Rule 403</u> ............................................... 9

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL……………………………..……3

INDEX OF AUTHORITIES…………………………….……… 4

ISSUES PRESENTED……………………………….……...…….... 6

ARGUMENT…………………………………..…………..……..7

    Issue 1:    The Court erred in its opinion and holding that the photographs' obvious prejudicial and admitted effect on the jury was outweighed by their probative value..............…………………….....7

    Issue 2:    The Court erroneously held the trial court performed the balancing test required under Rule 403, Texas Rules of Evidence ...................9

PRAYER………………………………………………………..10

CERTIFICATE OF SERVICE…………….…………….………….…11

CERTIFICATE OF COMPLIANCE……………………………......11

## ISSUES PRESENTED FOR REVIEW

Issue 1: The Court erred in its opinion and holding that the photographs' obvious prejudicial and admitted effect on the jury was outweighed by their probative value.

Issue 2: The Court erroneously held the trial court performed the balancing test required under Rule 403, Texas Rules of Evidence.

**ARGUMENT**

**I.**

**THE COURT ERRED IN ITS OPINION AND HOLDING
THAT THE PHOTOGRAPH'S OBVIOUS PREJUDICIAL
AND ADMITTED EFFECT ON THE JURY WAS
OUTWEIGHED BY THEIR PROBATIVE VALUE**

The Court erred in its opinion and holding that the photographs' obvious prejudicial and admitted effect on the jury was outweighed by their probative value. To say such photographs of the child two weeks after he was injured by Johnny Alexander did not unfairly impress the "jury in an irrational way" defies logic.

Although the Court placed reliance on 2nd Court of Appeals precedent, it completely disregarded precedent of the Court of Criminal Appeals. Even citing Erazo v. State, 144 S.W. 3d 487 (Tx. Crim. App. 2004), the Court for some unknown reason completely failed to follow its guidance. See Reese v. State, 33 S.W. 3d 238 (Tex. Crim. App. 2000). The Court of Criminal Appeals performed a balancing test and held a photograph inadmissible due to it being unduly prejudicial and remanded case to the Court of Appeals for a harm analysis. The Court of Appeals held the error was harmful stating "... we do not have fair assurance that the erroneously admitted photograph did not influence the jury or that it influenced the jury only slightly in assessing appellant's punishment." Erazo v. State, 167 S.W. 3d 889 (Tex. App. Houston 14th 2005, no pet.). The range of punishment as in this case was 5 years to

99 years or life.  Without the objectionable photographs, the jury could have assessed a more lenient punishment.

## II.

## THE COURT ERRONEOUSLY HELD THE TRIAL COURT PERFORMED THE BALANCING TESTS REQUIRED UNDER RULE 403, <u>TEXAS RULES OF EVIDENCE</u>.

The Court erroneously held the trial court performed the balancing test required under Rule 403, <u>Texas Rules of Evidence</u>.

Some cases lay emphasis on the lack of time granted the trial court to rule on objections under Rule 403, supra, which completely disregards that such rulings should be made after taking the time to perform the proper balancing. After all, a person's liberty is at stake. An appellate court should focus on the methodology the trial court used rather than the result the trial court reached. <u>Rule 403</u> and <u>Erazo cases</u>, supra, do not require an appellate court to presume a proper test was performed by the trial court when it was not. Using the court's reasoning in this case, there is little or no need for any balancing test to be done since it assumed, proper or otherwise, the trial court performed such test. This case exemplifies the lack of any balancing test. Reciting by the court what the trial judge said and did should serve to negate there having been some sort of balancing test conducted. This court should grant a rehearing and examine the record for any indication of a balancing test being performed by the trial court.

For whatever reason, the Court mentioned at page 4 of its opinion a "related" case of State v. Johnny Alexander. Since it was mentioned, the Court should take note

of a statement made by the State in that case, to wit:

"This man hurt this little boy and killed him. ... Alexander prevented the mother from seeking medical treatment for Nathan..."

"She (Nathan's mother) wanted to take the child to the doctor" (Reporter's Record of trial of Johnny Alexander, unknown page number. Since the Court mentioned the case, it apparently has reviewed the record.).

## PRAYER

Maldonado prays that this court reverse the judgment of the trial court and remand for a new punishment trial.

Respectfully submitted,

Hatcher & Harris, P.C.


/s/ Belvin R. Harris
State Bar No. 09052000
Attorney for Catrina Maldonado

## CERTIFICATE OF SERVICE

I certify that on January 26, 2015, a true and correct copy of the Brief for Appellant, was served to each person listed below by the method indicated.

/s/ Belvin R. Harris

Janice Warder
Cooke County District Attorney, Attorney for Appellee
Courthouse
101 South Dixon
Gainesville, Texas 76240
*Via E-Mail*

Sue Korioth
Sue Korioth, PC
P.O. Box 600103
Dallas, Texas 75360-0103
*Via E-Mail*

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 1094 words, according to Microsoft Word 2007 word counter, and in all other ways, conforms with Texas Rule of Appellate Procedure 9.4(i) (3).

/s/ Belvin R. Harris