Alex **ERAZO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–06–00639–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 10, 2008.

Shirley Cornelius, Houston, for state.

Panel consists of Justices FOWLER, FROST, and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

A jury convicted appellant, Alex Erazo, of murdering his girlfriend, who was seven-months pregnant with his child. The jury initially assessed a life sentence and $10,000 fine. We affirmed the judgment. *Erazo v. State*, 93 S.W.3d 533 (Tex.App.-Houston [14th Dist.] 2002), *rev'd in part*, 144 S.W.3d 487 (Tex.Crim.App.2004). Subsequently, the Court of Criminal Appeals held that the trial court improperly admitted a photograph of complainant's deceased fetus during the punishment phase and remanded to our court for a harm analysis. *Erazo*, 144 S.W.3d at 496. After concluding the error was harmful, we affirmed appellant's conviction but remanded to the trial court for a new punishment hearing. *Erazo v. State*, 167 S.W.3d 889, 891–92 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

On remand, a new jury assessed a life sentence and $10,000 fine. We are now presented with an appeal challenging this punishment. In three issues, appellant contends the trial court (1) violated his constitutional right to a jury trial by instructing the jury to decide punishment only, and (2) erred by admitting certain evidence. We affirm.

### NEW TRIAL ON PUNISHMENT

■ In his first and second issues, appellant contends the trial court violated his right to a jury trial under the United States and Texas constitutions by instructing the jury to decide punishment only.[1]

Bob Wicoff, Houston, for appellant.

---

1. Appellant does not contend the Texas Constitution confers any greater or different protection in this regard than the United States Constitution. Therefore, we will not address

Although appellant frames his stated issues as jury-charge complaints, he actually challenges the constitutionality of Texas Code of Criminal Procedure article 44.29(b). For offenses other than capital murder, article 44.29(b) requires, in pertinent part, that a trial court conduct only a new punishment hearing when an appellate court remands solely because of error in the sentencing phase. *See* Tex.Code Crim. Pro. § 44.29(b) (Vernon Supp.2007). The trial court must empanel a jury for the new punishment hearing if the defendant so elects. *See id.*[2] Appellant apparently contends article 44.29(b) is facially unconstitutional because a defendant purportedly possesses a constitutional right to have the *same* jury decide guilt and punishment. Therefore, he suggests the trial court erred by applying article 44.29(b)

instead of conducting a new trial on both guilt and punishment.[3] Presuming that appellant has not waived this issue, we conclude that article 44.29(b) is not facially unconstitutional.[4]

A sister court has rejected an identical challenge to article 44.29(b). *Klasing v. State,* 771 S.W.2d 684, 687 (Tex.App.-Corpus Christi 1989), *aff'd without op., Klasing v. State,* 812 S.W.2d 322 (Tex.Crim. App.1991). The court of appeals recognized that the constitutional right to trial by jury does not include any right to have a jury assess punishment, which is a statutory right the Legislature may alter or abolish. *Id.; see also Barrow v. State,* 207 S.W.3d 377, 380 (Tex.Crim.App.2006) ("It is well established that the constitutional right to a jury trial does not encompass the right to have the jury assess punish-

---

the Texas constitutional claim separately. *See Black v. State,* 26 S.W.3d 895, 896 n. 4 (Tex. Crim.App.2000); *Coronado v. State,* 148 S.W.3d 607, 608 n. 1 (Tex.App.-Houston [14th Dist.] 2004, no pet.).

2. Specifically, article 44.29(b) provides:

> If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant other than a defendant convicted of [capital murder], only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07, of this code. If the defendant elects, the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court. At the new trial, the court shall allow both the state and the defendant to introduce evidence to show the circumstances of the offense and other evidence as permitted by Section 3 of Article 37.07 of this code.

Tex.Code Crim. Pro. § 44.29(b).

3. After we remanded, appellant did not file a motion for rehearing requesting that we order

a new trial on both guilt and punishment. On remand, the trial court obviously complied with our mandate by conducting a new trial solely on punishment. Nevertheless, appellant suggests the trial court should have disregarded our mandate and submitted issues of both guilt and punishment to the jury because article 44.29(b) is allegedly unconstitutional.

4. The State argues appellant waived his complaint by failing to object in the trial court. But, the State also cites authority recognizing a defendant need not object at trial to contend on appeal that a statute is facially unconstitutional. *See, e.g., Barnett v. State,* 201 S.W.3d 231, 232 (Tex.App.-Fort Worth 2006, no pet.). We note that some courts have held this rule applies only when a defendant challenges the statute upon which his conviction was based because, if a statute criminalizing the defendant's conduct is unconstitutional, the statute is void from inception and confers no jurisdiction on the trial court. *See, e.g., id.* at 232–33 (citing *Rabb v. State,* 730 S.W.2d 751, 752 (Tex.Crim.App.1987)). In this case, appellant does not challenge the statute upon which his conviction was based. Regardless, we need not decide whether appellant waived his complaint because article 44.29(b) is not facially unconstitutional.

ment."). Consequently, the court held that a defendant possesses no constitutional right to have the same jury decide guilt and punishment. *Klasing,* 771 S.W.2d at 687. The Court of Criminal Appeals affirmed this decision by published order, without an opinion. *Klasing,* 812 S.W.2d 322; *see also Williamson v. State,* 990 S.W.2d 404, 407–08 (Tex.App.-Dallas 1999, no pet.) (rejecting claim that article 44.29(b) is unconstitutional because defendant allegedly possessed right to have same jury decide guilt and punishment, when holding he was not entitled to present exonerating evidence during new punishment trial after reversal based on sentencing error).

Further, after appellant filed his brief, the Court of Criminal Appeals rejected a similar constitutional challenge to Code of Criminal Procedure article 44.29(c), albeit in an unpublished opinion. *Thompson v. State,* No. AP–73431, 2007 WL 3208755, at *2–3 (Tex.Crim.App. Oct.31, 2007) (not designated for publication). Article 44.29(c) requires a new hearing only on sentencing when any court sets aside a death sentence for capital murder due solely to error affecting punishment. *See* Tex.Code Crim. Pro. § 44.29(c) (Vernon Supp.2007). The Court of Criminal Appeals referenced the lack of any authority holding that the federal or state constitutions require that the same jury decide separate issues of guilt and punishment when the death penalty is sought. *Thompson,* 2007 WL 3208755, at *3.

Nevertheless, appellant cites authority in which the United States Supreme Court articulated the following requirement pursuant to the federal constitution: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v.*

*New Jersey,* 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *see Ring v. Arizona,* 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (discussing *Apprendi* ). Appellant does not argue that this ruling applies in his case. But, he requests that we extend this ruling and recognize not only a blanket constitutional right to jury assessment of punishment for a felony conviction, but also a constitutional right to have the same jury decide guilt and punishment.

However, appellant offers no logical support for this leap. We decline to acknowledge constitutional rights that our Court of Criminal Appeals and sister courts have refused to recognize. In fact, the *Thompson* court recently rejected the suggestion that *Apprendi* and its progeny support a constitutional right to have the *same* jury decide guilt and punishment. *See Thompson,* 2007 WL 3208755, at *2–3; *see also Smith v. State,* 74 S.W.3d 868, 873–74 (Tex.Crim.App.2002) (concluding *Apprendi* does not mandate same jury decide guilt and punishment even when certain factual issues pertinent to sentencing must be submitted to a jury).

Accordingly, the trial court did not violate appellant's federal and state constitutional right to a jury trial by applying article 44.29(b) and instructing the jury to decide punishment only. We overrule appellant's first and second issues.

## ADMISSION OF EVIDENCE

■ In his third issue, appellant claims the trial court erred by admitting testimony regarding the weight, condition, and gender of the complainant's deceased fetus. Specifically, Dr. Albert Chu, a medical examiner, explained certain results of the complainant's autopsy:

Q: And did Dr. Moore in her autopsy report note the condition of the fetus?[5]

A. Yes, she did.

Q: Was she able to determine a gestational age of the fetus?

A. Yeah, based on the weight and size of the fetus she estimated it to be 28 weeks gestation.

. . .

Q .... 28 weeks is roughly [complainant's] seventh—[complainant] is seven months pregnant, six to seven months pregnant?

A. Yes.

. . .

·Q. The baby, as it was presented to ... Dr. Moore ... did it appear to be healthy?

A. Yes, she did not identify any congenital abnormalities in the fetus.

Q. And you've just said that outside of the gunshot wound, [complainant] appeared, from what Dr. Moore notes, as a healthy woman; correct?

A. That's correct.

Q. So by your reading of the autopsy report, except for the gunshot wound, it appeared to be a normal and healthy pregnancy?

A. That's what is appeared to be, yes.

Q. How much did the fetus weigh?

. . .

A. 1 pound, 12 1/2 ounces.

Q. Was it a baby girl or baby boy?

A. It was a male.

[APPELLANT'S COUNSEL]: I'm going to object to relevance, Judge.

THE COURT: Sustained.

Subsequently, the trial court conducted a discussion outside the jury's presence. Following arguments of counsel, the trial court overruled any objection to information regarding the fetus. The trial court also changed its earlier ruling relative to testimony concerning the gender of the fetus. The court stated that evidence about the fetus was probative to "victim impact" and previously admitted via the autopsy report.

Appellant argues Dr. Chu's testimony regarding the fetus was irrelevant to the jury's assessment of appellant's punishment for the complainant's murder.[6] However, with respect to the testimony regarding weight and condition of the fetus, appellant failed to preserve error on his complaint. To preserve error for appellate review, a party must make a timely, specific objection and obtain an adverse ruling. Tex.R.App. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002). The record reflects that appellant first objected to the testimony regarding the fetus's weight and condition after the above-cited exchange. Therefore, the objection pertaining to this testimony was not timely. *See Berry v. State*, 233 S.W.3d 847, 857 (Tex.Crim.App.2007) (holding defendant failed to preserve complaint under Rule of Evidence 404(b) because she first objected after witness answered question regarding extraneous matter at issue).

---

**5.** Another medical examiner performed the autopsy, but Dr. Chu relayed the findings at trial.

**6.** The Court of Criminal Appeals reversed appellant's initial sentence because it determined that a photograph of the deceased fetus admitted during the punishment phase was substantially more prejudicial than probative.

*Erazo*, 144 S.W.3d at 488–96. Moreover, on remand, this court held that admission of the photograph was harmful. *Erazo*, 167 S.W.3d at 889–92. However, neither court held that any information regarding the fetus was necessarily inadmissible or harmful. *See Erazo*, 144 S.W.3d at 488–96; *Erazo*, 167 S.W.3d at 889–92.

Relative to gender of the fetus, even if appellant timely objected, any error in admitting the testimony was harmless. Improper admission of evidence is not reversible error if the same evidence is admitted without objection at another point in the trial. *See Leday v. State*, 983 S.W.2d 713, 718 (Tex.Crim.App.1998); *Chapman v. State*, 150 S.W.3d 809, 814 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). As the trial court noted, the gender of the fetus was shown on the autopsy report, which previously had been admitted without objection. Further, a relative of the complainant testified without objection that the complainant was pregnant with a boy at the time of her death. Accordingly, we overrule appellant's third issue.

The judgment of the trial court is affirmed.