Affirmed and Memorandum Opinion
filed March 25, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00964-CR



Ramiro Martinez, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 338th District Court

Harris County, Texas

Trial Court
Cause No. 1142050



 

M E M O R A N D U M   O P I N I O N


Appellant, Ramiro Martinez, was charged by felony indictment
with three counts of aggravated sexual assault of a child.  Appellant pleaded
guilty to all three counts and elected to have the jury assess his punishment. 
After having found appellant guilty on all three charges of aggravated sexual
assault, the jury assessed punishment at 20 years in prison on each count.  In
a single issue, appellant contends that the trial court erroneously admitted
extraneous-acts evidence during the punishment hearing.  We affirm.

I.  BACKGROUND

On June 20, 2007, appellant sexually assaulted the
complainant, his 13-year-old niece.  After the complainant made an outcry to her
sister and mother about the incident, appellant confessed, orally and in
writing, to having sexual intercourse with the complainant on one occasion and
digitally penetrating her on another.  

Appellant was charged by felony indictment with three
counts of aggravated sexual assault of a child occurring on June 20, 2007.  He
pleaded guilty to all three counts and elected to have the jury assess his
punishment.  At the punishment hearing, both sides presented evidence.  The
State admitted appellant’s written confession without objection.  Appellant,
however, objected to the admission of the complainant’s medical records, specifically
to the August 18, 2008 statement by the complainant’s mother regarding appellant’s
previous attempted sexual assaults of the complainant. 

   The August 18, 2008 read:  “[the complainant] told
her [mother] that [appellant] had molested [the complainant]” and “that it
happened once, but was attempted on additional occasions.”  Appellant objected
to the August 18, 2008 statement as inadmissible extraneous-acts evidence.  The
trial court sustained appellant’s objection to the August 2008 statement and
instructed the parties to redact the August 18, 2008 statement from the medical
records.  The trial court also encouraged counsel to review the remaining
portions of the complainant’s medical records for any additional objectionable
statements by the mother.  No further objection was made by defense counsel regarding
the complainant’s medical records.  

Thereafter, the complainant’s medical records were
published to the jury; however, unbeknownst to the trial court, neither the
State nor defense counsel redacted the statement before publication. 
Furthermore, the medical records contained an additional statement by the complainant’s
mother—made on June 21, 2007—similar to the mother’s August 18, 2008 statement. 
The June 21, 2007 and the August 18, 2008 statements were published to the jury
without objection.   Appellant was subsequently found guilty on all three
counts of aggravated sexual assault of a child.  He was sentenced to 20 years
on each count with the sentences running concurrently.  Appellant timely
appealed one of the aggravated sexual assault counts:  cause number 1142050. 
In a single issue, appellant contends that the trial court erred by
inadvertently allowing the complainant’s medical records to be published to the
jury without redacting the August 18, 2008 statement by the complainant’s
mother.     

II.  STANDARD OF REVIEW

We review the trial court’s evidentiary ruling under
an abuse-of-discretion standard.  Powell v. State, 63 S.W.3d 435, 438
(Tex. Crim. App. 2001); Fox v. State, 283 S.W.3d 85, 92 (Tex.
App.—Houston [14th Dist.] 2009, pet. ref’d).  Under this standard, the trial
court does not abuse its discretion if its ruling was within the zone of
reasonable disagreement.  Powell, 63 S.W.3d at 438. 

III.  INADVERTENT PUBLICATION OF MOTHER’S STATEMENT

In his sole issue, appellant contends that the trial
court erred by inadvertently publishing the portion of the complainant’s
medical records that contained the mother’s inadmissible August 18, 2008 statement.  
The State responds that appellant has waived error.  To preserve error for
appellate review, an appellant must make a timely, specific objection and
obtain an adverse ruling.  Tex. R. App. P. 33.1(a); Geuder v. State, 115
S.W.3d 11, 13 (Tex. Crim. App. 2003); Erazo v. State, 260 S.W.3d 510,
514 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d).  A complaint regarding
improperly admitted evidence is waived if the same evidence is introduced
elsewhere during trial without objection.  See Mitchell v. State, 68
S.W.3d 640, 643 (Tex. Crim. App. 2002).  Furthermore, a complaining party must
object each time allegedly inadmissible evidence is offered.  Reynolds v.
State, 848 S.W.2d 785, 792 (Tex. App.—Houston [14th Dist.] 1993, pet.
ref’d).  Here, appellant has waived his evidentiary complaint to the mother’s August
18, 2008 statement in two respects:  he did not obtain an adverse ruling, and
similar evidence was introduced during the punishment hearing without objection.

  A.  No Adverse Ruling

The record reflects that the trial court sustained
appellant’s objection to the August 18, 2008 statement made by the
complainant’s mother.  No further objection was made.  Accordingly, appellant
did not obtain an adverse ruling on his evidentiary challenge.  See Tex.
R. App. P. 33.1(a); see also Caron v. State, 162 S.W.3d 614, 617
(Tex. App.—Houston [14th Dist.] 2005, no pet.) (concluding that failure to
request further relief after an objection is sustained preserves nothing for
review).  Appellant, however, contends that appellate procedure rule 33.1 does
not explicitly require an adverse ruling.  See Tex. R. App. P.
33.1.  Appellant contends that “[i]f a complaining party has timely objected
with sufficient specificity to make the trial court aware of the complaint, and
the trial court ruled on the objection, error is preserved for appellate
review.”  We reject appellant’s interpretation of appellate rule 33.1(a).  

The Court of Criminal Appeals and this Court have
consistently held that rule 33.1 requires an adverse ruling to preserve
appellate error.  See Moff v. State, 131 S.W.3d 485, 489 (Tex.
Crim. App. 2004) (recognizing that the rules of evidence prescribe that a
complaining party obtain “an adverse ruling from the trial judge . . . to
preserve error in the admission of the evidence”); Geuder, 115 S.W.3d at
13 (reiterating rule 33.1’s requirement that a party obtain an adverse ruling);
see also Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999)
(“The general prerequisite to presenting a complaint for appellate review is a
showing . . . that . . .  the trial court rule adversely . . . .”); Whitmire
v. State, 183 S.W.3d 522, 531 (Tex. App.—Houston [14th Dist.] 2006, pet.
ref’d) (“Without an adverse ruling or an objection to the judge’s refusal to
rule, there is no error preserved for . . . review.”).  Accordingly, appellant
was required to obtain an adverse ruling on his evidentiary challenge to preserve
error.  Because he did not, error is waived.

Appellant also attempts to skirt the adverse-ruling
requirement by arguing that the trial court’s publication amounted to an
adverse ruling.  Appellant cites to no authority to support his contention. 
Furthermore, the trial court explicitly sustained appellant’s objection and
left redaction to the attorneys.  There is nothing in the record showing that
the trial court ruled adversely on appellant’s objection regarding the mother’s
August 2008 statement.  See Ramirez v. State, 815 S.W.2d 636, 643 (Tex.
Crim. App. 1991) (“The [adverse] ruling must be conclusory; that is, it must be
clear from the record the trial judge in fact overruled the
defendant’s objection . . . .”) (emphasis added).  Because appellant’s
objection to the statement was sustained, there is no adverse ruling to
consider on appeal.  

B.  Admission of Similar Evidence Without Objection

Furthermore, as a general rule, a complaint regarding
improperly admitted evidence is waived if the same evidence is introduced
elsewhere during trial without objection.  See Hughes v. State,
878 S.W.2d 142, 156 (Tex. Crim. App. 1992).  Here, the record reflects that the
mother made the same statement in another portion of the complainant’s medical
records—on June 21, 2007.   More specifically, the complainant’s medical
records contain a statement by the mother almost identical to the August 18,
2008 statement:  appellant, prior to the June 2007 assault, attempted to assault
the complainant on prior occasions.  Appellant did not object to the June 21, 2007
statement.

Even after the trial court sustained appellant’s
specific objection to the August 18, 2008 statement and encouraged defense
counsel to review the medical record for any other objectionable statements,
defense counsel did not object to the June 21, 2007 statement.  Similarly, on
appeal, appellant continues to challenge only the August 18, 2008 statement,
not the June 21, 2007 statement.  Because appellant did not object to substantially
similar evidence—the mother’s June 21, 2007 statement—his evidentiary complaint
regarding the August 18, 2008 statement is waived.  See Lane v. State,
151 S.W.3d 188, 192–93 (Tex. Crim. App. 2004) (concluding that any complaints regarding
testimony similar to testimony admitted through another statement is waived); see
also Montgomery v. State, 198 S.W.3d 67, 81 (Tex. App.—Fort Worth 2006,
pet. ref’d).

Even if appellant had preserved error with respect to
the mother’s August 18, 2008 statement, he has failed to show harm.  See
Tex. R. App. P. 44.2; see also Haley v. State, 173 S.W.3d 510, 518 (Tex.
Crim. App. 2005) (applying rule 44.2(b) harm analysis to the erroneous
admission of evidence).  Under rule 44.2(b), we disregard non-constitutional
error unless it affected the defendant’s substantial rights.  Tex. R. App. P.
44.2.  A defendant’s substantial rights are affected by the erroneous admission
of evidence if the error influenced the fact-finder’s decision, and the
influence was more than slight.  See Motilla v. State, 78 S.W.3d 352,
355 (Tex. Crim. App. 2002).  If there was no influence or only a slight effect
on the fact-finder, reversal is not required.  See Johnson v. State, 43 S.W.3d
1, 4 (Tex. Crim. App. 2001). 

Moreover, it is well established that an error in the
admission of evidence is harmless if substantially the same evidence is
received without objection.  Valle v. State, 109 S.W.3d 500, 509–10
(Tex. Crim. App. 2003); Leday v. State, 983 S.W.2d 713, 717–18 (Tex.
Crim. App. 1998) (stating that there is no “reversible error when the same
evidence is subsequently admitted without objection”).  Here, substantially the
same evidence was received without objection:  the mother’s June 21, 2007
statement and the complainant’s live testimony that appellant had previously
attempted to assault her.  Because appellant neither objected to the
complainant’s testimony of appellant’s prior attempt to assault her nor to the
mother’s June 21, 2007 statement—both of which are substantially the same as
the August 18, 2008 statement—any error regarding admission of the August 18, 2008
statement is harmless.  See Valle, 109 S.W.3d at 509–10.  We overrule
appellant’s sole issue and affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).