**Affirmed and Memorandum Opinion filed October 17, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00738-CR

---

**VINA CHESTNUT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law
Austin County, Texas
Trial Court Cause No. 11CR29564**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant of assault. The trial court assessed punishment at confinement for one year in the Austin County Jail. The sentence was suspended and appellant was placed under community supervision for two years. Appellant filed a notice of appeal. We affirm.

In a single issue, appellant claims the trial court erred in allowing Officer David Mosley to give his opinion on the legal definition of bodily injury.

Appellant also complains Officer Mosley offered a legal conclusion that the "black eye and busted lip" injuries sustained by the complainant met that definition.

The record reflects Officer Mosley testified as follows:

Q. And is it your understanding that bodily injury constitutes physical pain, illness or impairment of the physical condition?
A. Yes.
[Defense Counsel]: Objection as to his conclusion on a legal definition, Your Honor.
[The State]: Your Honor, I think he can testify whether he's familiar with it or not.
THE COURT: Okay. The objection is overruled.
Q. (By [The State]) And, so, are you familiar with that definition?
A. Yes, I am.
Q. Now in your opinion, did [the complainant] suffer bodily injury?
A. Yes, he did.

The only objection was made after the question was answered and therefore was not timely. *See Erazo v. State,* 260 S.W.3d 510, 514 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (objection made after complained-of testimony was not timely); *see also Berry v. State,* 233 S.W.3d 847, 857 (Tex. Crim. App. 2007) (same). No objection was made when Officer Mosley was asked for his opinion as to whether the complainant suffered bodily injury. Accordingly, nothing is preserved for our review. *See* Tex. R. App. P. 33.1(a). Appellant's sole issue is overruled. The judgment of the trial court is affirmed.

/s/    Sharon McCally
Justice

Panel consists of Justices Boyce, McCally and Busby.

Do Not Publish— Tex. R. App. P. 47.2(b).

2