**Affirmed and Majority and Concurring Opinions filed July 18, 2019.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-17-00929-CV**

**ALEX ERAZO, Appellant**

**V.**

**LUIS A SANCHEZ, CHIEF MEDICAL DIRECTOR FOR THE HARRIS COUNTY INSTITUTE OF FORENSIC SCIENCES, AND KIM OGG, DISTRICT ATTORNEY FOR HARRIS COUNTY, TEXAS (FORMALLY DEVON ANDERSON), Appellees**

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2014-71507**

## MAJORITY OPINION

In this pro se appeal, appellant Alex Erazo complains of the trial court's failure to appoint counsel in a civil lawsuit. In the lawsuit, Erazo requested the trial court to order the performance of a new autopsy related to a criminal case. The trial court granted summary judgment favoring appellees Luis A. Sanchez of the Harris County Institute of Forensic Sciences and Harris County District Attorney

Kim Ogg. Erazo asserts two issues: (1) the trial court erred in failing to consider his requests for appointment of counsel, and (2) the trial court erred by refusing or failing to appoint counsel. Concluding that the trial court did in fact consider Erazo's requests and did not err in denying the requests, we affirm.

### *Background*

Erazo admitted he shot his girlfriend in the head and caused her death and the death of their unborn child on October 23, 2000. An autopsy was performed, and the manner of death was determined to be "homicide."[1] Erazo was subsequently convicted of murder, and the jury in that trial assessed his punishment at life in prison and a $10,000 fine. After an appeal in which harmful error was determined to have occurred in the punishment phase, a new jury assessed Erazo's punishment at life in prison and a $10,000 fine. *Erazo v. State*, 260 S.W.3d 510, 511 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). The second judgment was affirmed on appeal. *Id.*

Erazo filed the present action in October 2014, seeking to have the deceased's body exhumed in Honduras and brought back to the United States for a new autopsy. Erazo insists that the fatal shooting was the result of an accident, argues that the original autopsy report was devoid of any factual basis for concluding that the manner of death was homicide, and suggests that a new autopsy would reveal previously undiscovered evidence indicating that the shooting was an accident.

In his original petition, Erazo included a request for the court to appoint counsel to represent him in the lawsuit pursuant to Texas Government Code

---

[1] In an affidavit attached to appellees' motion for summary judgment, a deputy chief medical examiner explained that the use of the term "homicide" in an autopsy report merely indicates that a death was the result of another person's conduct and does not imply criminal culpability.

section 24.016. On July 3, 2017, Erazo filed a "Motion for Appointment of Counsel Prusuant [sic] to 28 U.S.C. § 1915(e)(1)." This motion appears to be, and appellant acknowledges on appeal was, in fact, a misfiling intended for a federal court case against a different defendant. On October 3, 2017, Erazo filed a Request for Court Appointed Counsel. This document internally referenced itself as a Motion for Court Appointed Counsel but failed to state the law under which the request was being made.

Appellees filed a combined traditional and no-evidence motion for summary judgment on September 20, 2017, arguing that Erazo could not meet the requirements for reopening a coroner's inquest and providing supporting exhibits. The trial court granted the motion on October 30, 2017.

The trial court issued an order on October 31, 2017, "Denying Plaintiff's Motion For The Appointment of Counsel." In the order, the trial court explained that it had no authority to appoint counsel under the federal statute and that Erazo was not entitled to appointed counsel under Texas Government Code section 24.016. The court further explained that Erazo had not filed an affidavit stating that he was too poor to hire counsel as required by section 24.016; the case was not an exceptional one in which the public and private interests at stake were such that the administration of justice would be served by appointing counsel; there was no basis for appointing an attorney ad litem, such as incapacity or legal disability; and Erazo had sufficiently represented himself in the proceedings.[2]

### *Governing Law*

There is no general right to counsel in Texas in civil cases. *See Travelers*

---

[2] In a previous pro se appeal, we reversed in part the trial court's dismissal of this case on jurisdictional grounds and remanded for further proceedings. *Erazo v. Sanchez*, 502 S.W.3d 894, 897 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

*Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996); *Harris v. Civil Serv. Comm'n for Mun. Emps. of the City of Houston*, 803 S.W.2d 729, 731 (Tex. App.—Houston [14th Dist.] 1990, no pet.) ("Neither the Texas nor United States Constitution guarantees a right to counsel in a civil suit").[3] However, under Government Code section 24.016, a district judge has the discretion to appoint counsel for an indigent party in a civil case. Tex. Gov't Code § 24.016 ("A district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to the cause."); *see also Dunsmore v. Ortiz*, No. 14-15-00437-CV, 2016 WL 7401893, at *2 (Tex. App.—Houston [14th Dist.] Dec. 20, 2016, no pet.) (mem. op.). In exercising this discretion, courts must be attuned to the fact that "in some exceptional cases, the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Mayfield*, 923 S.W.2d at 594 (discussing court's inherent power of appointment); *accord Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003) (discussing authority pursuant to section 24.016); *see also Albert v. Adelstein*, No. 02-13-00073-CV, 2013 WL 4017511, at *4 (Tex. App.—Fort Worth Aug. 8, 2013, no pet.) (mem. op.) ("The general rule is that a court does not abuse its discretion by refusing to appoint such counsel unless the case is 'exceptional.'") (citing *Hines v. Massey*, 79 S.W.3d 269, 272 (Tex. App.—Beaumont 2002, no pet.)).

As the Texas Supreme Court has explained, circumstances that could be deemed "exceptional" are "by definition rare and unusual," such that they defy identification by a generalized rule. *Gibson*, 102 S.W.3d at 713. It may be easier to

---

[3] Under certain circumstances, civil litigants may be entitled to appointed counsel in cases involving juvenile delinquency, termination of parental rights, and court-ordered mental health services. *See* Tex. Fam. Code §§ 51.10, 107.013; Tex. Health & Safety Code § 574.003. None of these circumstances exist in the present case.

4

identify particular circumstances as common than to pronounce a general rule on what constitutes exceptional circumstances. *Id.* Accordingly, we examine the denial of appointed counsel in civil cases on a case-by-case basis. *See id.*; *Taylor v. Taylor*, No. 2-09-035-CV, 2009 WL 4913867, at *2 (Tex. App.—Fort Worth Dec. 17, 2009, pet. denied) (mem. op.).[4]

### Did the Trial Court Consider Erazo's Request?

In his second issue, Erazo asserts that the trial court erred in failing to consider his request for appointment of counsel. As set forth above, Erazo made at least three requests for the appointment of counsel: (1) the request in his petition based on Government Code section 24.016; (2) the misfiled request under federal law; and (3) the request made on October 3, 2017, which did not cite any authority but referenced that earlier requests had been made.[5] The trial court's October 31, 2017 order denying Erazo's request for appointment of counsel appears to specifically reference only Erazo's misfiled request under federal law; however, the order also expressly addressed the issue of whether counsel should be appointed pursuant to Government Code section 24.016, which Erazo had raised in his petition. In fact, as will be discussed below, the trial court's explanation of its

---

[4] As Erazo appears to recognize, the federal statute that he cited in one of his requests applies only in federal courts. *See* 28 U.S.C. § 1915(a)(1), (e)(1).

[5] For purposes of this opinion, we presume without deciding that Erazo preserved his issues in the trial court. Generally, in order to object to a trial court's failure to rule on a motion or request, a party must object to the court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Immobiliere Jeuness Establissement v. Amegy Bank Nat'l Ass'n*, 525 S.W.3d 875, 884 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 611 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Our analysis in this case is complicated by the fact that Erazo made a request pursuant to section 24.016 in his petition, subsequently filed a request citing only inapplicable federal law, and then filed a third request referencing prior requests and urging the court to appoint counsel "without delay" but not citing any authority. It is unclear whether the trial court was ever made aware of the request in the petition or if the court may have considered the request under federal law to be in lieu of the request under state law. Regardless, as stated, we will presume that the state law issue was preserved.

ruling in the order covered the arguments Erazo made in his petition.[6] Accordingly, we overrule Erazo's second issue.

### *Did the Trial Court Err in Refusing to Appoint Counsel?*

In his first issue, Erazo contends that the trial court abused its discretion in refusing or failing to appoint counsel pursuant to Government Code section 24.016. While in its order the trial court stated several reasons for denying Erazo's request under section 24.016, we will focus on one: this case is not an exceptional one in which the public and private interests at stake are such that the administration of justice requires the appointment of counsel. *See Gibson*, 102 S.W.3d at 712.

In his brief, Erazo specifically asserts that his case is exceptional because he is incarcerated, he cannot read or write English, he speaks primarily Spanish, and he is uneducated. Elsewhere in his brief, Erazo additionally argues that he needs the aid of counsel because he has no legal training and the fellow inmate who helped him with legal matters was paroled, expert testimony was required to refute appellees' position regarding the autopsy report, he cannot communicate effectively from prison with potential experts, and "[a] different autopsy report would . . . establish the shooting was accidental."[7]

Unfortunately, appellant's alleged circumstances—incarceration, native Spanish speaker, limited education, unfamiliar with legal concepts and proceedings—are not particularly rare or unusual. *See, e.g., Gibson*, 102 S.W.3d at 713 (explaining that lawsuits by indigent inmates are far from rare); *Addicks v.*

---

[6] Appellees' opposition to Erazo's motion under federal law also addressed the merits of any similar request under state law.

[7] It is not clear from Erazo's brief whether he intended these additional points as further arguments for the exceptional nature of his case, but we will interpret them as such.

*Rupert*, No. 12-09-00288-CV, 2011 WL 1642862, at *5 (Tex. App.—Tyler Apr. 29, 2011, no pet.) (mem. op.) (holding trial court did not abuse its discretion under section 24.016 when inmate complained regarding difficulties in bringing lawsuit and lack of legal training); *Wion v. Thayler*, No. 10-09-00369-CV, 2010 WL 4644497, at *4 (Tex. App.—Waco Nov. 17, 2010, no pet.) (mem. op.) (holding trial court did not abuse its discretion when inmate complained regarding difficulties of conducting litigation from prison without legal training in case he described as "seriously complex"); *Fairfax v. Smith*, No. 07-09-0321-CV, 2010 WL 890161, at *1 (Tex. App.—Amarillo Mar. 12, 2010, no pet.) (mem. op.) (holding trial court did not abuse its discretion when inmate complained regarding difficulties of conducting litigation from prison, inability to hire expert, lack of legal training, and complex nature of medical malpractice case); *Wigfall v. Tex. Dep't of Criminal Justice*, 137 S.W.3d 268, 275 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (same).

Moreover, the facts of this particular lawsuit—a convicted person seeking another chance to discover exonerating evidence—also do not appear exceptional. *See Gibson*, 102 S.W.3d at 713. Erazo had his day in court on his murder charge, and he had a partially successful appeal followed by another punishment trial and another appeal. In light of those prior proceedings and the fact Erazo offers only vague assertions that a new autopsy might reveal exonerating evidence, the public and private interests at stake are not such that the administration of justice requires the appointment of counsel. *See id*. at 712.[8] Accordingly, the trial court did not abuse its discretion in denying Erazo's request for appointment of counsel, and we

---

[8] As discussed above, Erazo contends that the autopsy report lacked any basis for concluding the deceased's death was a homicide, but for medical examiners, the term "homicide" in an autopsy report merely indicates that a death was the result of another person's conduct, something that Erazo admits occurred in this case.

overrule Erazo's first issue.[9]

Having overruled Erazo's two issues, we affirm the trial court's judgment.

/s/    Frances Bourliot
        Justice

Panel consists of Chief Justice Frost and Justices Bourliot and Poissant (Frost, C.J., Concurring).

---

[9] In his reply brief, Erazo argues for the first time that the trial court should have appointed counsel pursuant to its inherent powers, citing *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979). Erazo, however, did not raise this issue in the trial court or in his original briefing. Accordingly, we decline to consider it in this appeal. *See, e.g., Collins v. D.R. Horton-Tex. Ltd.*, No. 14-17-00764-CV, 2018 WL 6684270, at *3 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, no pet. h.) ("[W]e generally do not consider issues raised for the first time in a reply brief and decline to do so here.").

Erazo additionally argues in his reply brief that the trial court should have given him an opportunity to cure any defect relating to his affidavit. In addition to failing to raise this issue earlier, Erazo does not cite any authority relevant to this contention. *See* Tex. R. App. P. 38.1(i) (requiring that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Collins*, 2018 WL 6684270, at *3. Accordingly, we summarily reject this argument as well.