Affirmed and Memorandum Opinion
filed August 31, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00376-CR



Keith C. Schupp, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Criminal Court at Law No. 13

Harris County, Texas

Trial Court
Cause No. 1553141



 

M E M O R A N D U M   O P I N I O N

Appellant, Keith C. Schupp, was convicted by a jury
of misdemeanor assault and sentenced to six months in jail.  On appeal,
appellant contends that the trial court erred by excluding evidence regarding
the complaining witness’s credibility and bias.  We affirm.

I.  BACKGROUND

Appellant was tried for misdemeanor assault of
Jessica Reh, a person with whom appellant had a dating relationship in
September 2008.  The complainant testified that on the night of the assault,
appellant became angry after having discovered cigarettes in her bedroom
drawer.  With a closed fist, appellant struck the complainant’s eye.  Appellant
left the scene, and the complainant called 911.  Two investigating officers
testified that they took the complainant’s statement regarding the assault and
observed that she had a swollen and bruised left eye.  Two of the complainant’s
neighbors also testified that the complainant told them about the assault
minutes after it had occurred.  Appellant also testified, denying the assault. 
A jury ultimately found appellant guilty, and punishment was assessed at six
months in county jail and a $2,000 fine.  

Appellant now appeals his assault conviction,
contending that the trial court erred by excluding three exhibits, exhibits 3,
4, and 8.  In his first issue, appellant contends that exhibits 3 and 4 are pictures
of the complainant holding alcoholic beverages.  Appellant contends that
exhibits 3 and 4 were relevant regarding her credibility.  In appellant’s
second issue, he argues that exhibit 8, a message on the complainant’s My Space
page, was relevant regarding the complainant’s motive for testifying against him
at trial.     

II.  STANDARD OF REVIEW

We review a trial court’s decision to exclude
evidence for abuse of discretion.  Sauceda v. State, 129 S.W.3d 116, 120
(Tex. Crim. App. 2004).  A trial court does not abuse its discretion if its
evidentiary ruling was within the “zone of reasonable disagreement” and correct
under any legal theory applicable to the case.  Winegarner v. State, 235
S.W.3d 787, 790 (Tex. Crim. App. 2007); Woods v. State, 301 S.W.3d 327,
332 (Tex. App.—Houston [14th Dist.] 2009, no pet.).  Because the trial court is
usually in the best position to decide whether evidence should be admitted or
excluded, we must uphold its ruling unless its determination was so clearly
wrong as to lie outside the zone within which reasonable persons might
disagree.  See Winegarner, 235 S.W.3d at 790 (quoting Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); see also Hartis v. State, 183
S.W.3d 793, 801–02 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

III.  EVIDENTIARY EXCLUSIONS

In two issues, appellant contends that exhibits 3, 4,
and 8, which according to appellant were relevant regarding the complainant’s
credibility, motive, and bias, were erroneously excluded by the trial court.  

A.  Exhibits 3 and 4: Pictures of the Complainant’s Holding Alcoholic
Beverages

At trial, the complainant testified on cross
examination that she did not heavily consume alcohol because she was regularly taking
prescribed medication for a medical condition.  Appellant then offered exhibits
3 and 4 to impeach the complainant’s testimony.  Appellant argued before the
trial court that the photographs, in which the complainant is holding
beverages, showed that, despite her denial, she heavily consumed alcohol while
taking her medication.  The trial court disagreed and excluded the
photographs.  On appeal, appellant similarly contends that exhibits 3 and 4
were relevant regarding the complainant’s credibility.  

Generally, only relevant evidence is admissible.  Woods,
301 S.W.3d at 335.  Evidence is relevant if it has “any tendency to make the
existence of any fact that is of consequence to the determination of the action
more probable or less probable than it would be without the evidence.”  Tex. R.
Evid. 401; see also Fox v. State, 283 S.W.3d 85, 91 (Tex.
App.—Houston [14th Dist.] 2009, pet. ref’d).  Although generally relevant
evidence is admissible, relevant evidence is properly excluded under rule 403
when its probative value is substantially outweighed by the danger of unfair
prejudice.  Tex. R. Evid. 403.  

Here, exhibit 3 depicts the complainant’s holding a
beverage with her hands in the air and her tongue stuck out of her mouth.  But
the photograph does not establish that the beverage in the complainant’s hand is
in fact an alcoholic beverage.  Exhibit 4 depicts the complainant holding a
beer.  There is nothing in either photograph reflecting that the complainant
had in fact consumed either of the beverages she was holding.  Most
importantly, there is nothing in the photograph or in the record reflecting
when exhibits 3 and 4 were taken.  Thus, it is unclear whether the photographs
were taken at the time the complainant was taking medication.  Appellant simply
has failed to show, through exhibits 3 and 4, that the complainant heavily
consumed alcohol while taking her medication.  

Moreover, appellant has failed to show how the
complainant’s action in holding beverages, one obviously an alcoholic beverage,
is connected to the charged offense.  The photographs do not make the
complainant’s version of the September 2008 assault more or less probable.  See
Tex. R. Evid. 401; see also Woods, 301 S.W.3d at 335.  Because the
challenged evidence lacked probative value in the case, the trial court did not
abuse its discretion by excluding the photographs.  Accordingly, we overrule
appellant’s first issue.    

B.  Exhibit 8: My Space Message  

In appellant’s second issue, he argues that exhibit
8, a message on the complainant’s My Space page, was relevant to her motive for
testifying against him at trial.  The message was discovered from an Internet
Google search for “Keith Schupp” and “Houston.”  The message read, “Keith
schupp is gonna pay 4 hurtn me.legally of course.”  Appellant contends that
because the message reflects the complainant’s revenge-inspired motive for
testifying against him, the trial court erred by excluding it from trial. 
Appellant’s complaint regarding the exclusion of exhibit 8 suffers from the
same defect as his complaint regarding the exclusion of exhibits 3 and 4:  nothing
in the record reflects when the message was posted.  The only date reflected on
the message is the last login date; there is nothing showing when the actual
message was posted.  Furthermore, it is unclear from the face of the exhibit
who posted the message—the complainant or a “My Space friend.”  Without a time
frame regarding when the message was posted and without evidence of the
posting’s author, appellant has failed to adequately connect the My Space
message to the September 2008 assault, especially in light of the complainant’s
testimony that appellant had assaulted her on a number of prior occasions.  Accordingly,
the trial court did not abuse its discretion by excluding exhibit 8.  We
overrule appellant’s second issue.

Having overruled all of appellant’s issues, we affirm
the trial court’s judgment.       

 

                                                                                    

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).