# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00176-CR

**Brad Paul Doucette, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 87512, HONORABLE ANNA MARTINEZ BOLING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On October 11, 2007, appellant Brad Paul Doucette was arrested for driving while intoxicated, and he was later charged by information for driving while intoxicated, second offense. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(a) (West Supp. 2010). A jury convicted Doucette, and the court sentenced him to 60 days in the Hays County Jail and assessed a fine of $800. In a single issue, Doucette argues that the trial court erred by denying his motion for mistrial following publication to the jury of portions of an audio-video recording of the traffic stop that led to his arrest. We affirm the judgment of conviction.

At a pretrial hearing, Doucette's motion to suppress the recording of his traffic stop was denied. Early in Doucette's jury trial, the State offered, and the trial court admitted, the police car audio-video recording into evidence. The record gives no indication that the trial judge put any limitation or qualification on the recording's admission; however, the parties acknowledge an

agreement outside the record that the prosecution would redact various references in the audio recording. It appears that the parties did not make specific agreements as to particular audio portions to be redacted, but rather agreed generally that State's counsel would redact the recording to comport with the motion in limine. Of relevance here, the order in limine covered:

> Any reference or evidence concerning any extraneous offense or acts of misconduct of the Defendant not specifically mentioned in the complaint or information filed in this case including but not limited to any prior DWI arrests, any mention of a suspended license, license surcharges, or court dates in Dallas.

State's counsel redacted the audio at three points in the recording, but conceded his oversight in not redacting several later references on the recording with which defense counsel now takes issue.

At various times throughout the trial, both the State and the defense played portions of the previously admitted recording for the jury, without objection. When the State first offered the recording, defense counsel stated without qualification that there was "no objection from the defense." While defense counsel apparently believed this to be a version in which the State had redacted portions of the audio to comply with the parties' agreement, no such agreement or qualification was noted in the record. When the State later asked permission to publish the recording to the jury, defense counsel again stated: "No objection from the defense," and when State's counsel reserved his right to play the recording at a later time, defense counsel replied: "This whole tape has already been admitted into evidence and the jury will have it to view and are present in the room. And this entire video has already been admitted into evidence." State's counsel then played the bulk of the recording to the jury. At the 36-minute mark, State's counsel stopped the recording, stating

that the relevant portion of the recording had concluded. Defense counsel then requested a five-minute recess.

Though he had not made any objection to the content of the recording as it was played for the jury, defense counsel moved for a mistrial when the jury was excused, arguing that portions of the recording violated the parties' agreement that the State would redact audio references consistent with the order in limine. State's counsel does not dispute that he agreed to redact portions of the audio recording; however, the parties did not make a record as to which specific statements were to be redacted. Defense counsel's objections focused on three audio references in the latter portion of the recording that he claims constitute the improper admission of evidence of an extraneous offense: (1) Doucette's response to a request for his driver's license that "the police took it," (2) an officer's statement that Doucette's "license is suspended due to intoxication," and (3) an officer's reference to "court dates in Corpus Christi" relating to a child support matter. The trial court denied the motion for mistrial and instead gave the jury an instruction to disregard. The court also had the parties substitute a redacted version of the recording into evidence so that the disputed audio was only heard one time by the jury.

Assuming a specific agreement to redact the recording existed and was violated, defense counsel would still have been required to preserve error by objecting or asking for an instruction to disregard at the time the evidence was admitted and published to the jury. *See Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010) (although redaction agreement existed and was violated, opponent was still required to object or request instruction to disregard when evidence was admitted). More than once—when the recording was offered and admitted and again

3

as the recording was played to the jury at various points during trial—defense counsel stated that he had no objection to the recording and sat without objection as the recording was played for the jury. To preserve error as to the subject of his motion in limine, Doucette was required to make a timely objection when the evidence was offered at trial. *See Wilkerson v. State*, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994); *see also* Tex. R. Evid. 103(a)(1) (requiring party to timely object when evidence is offered). Because the recording was admitted and played to the jury without timely objection, Doucette has failed to preserve error for our review. *See* Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1; *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007); *Wilkerson v. State*, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994).

Even if Doucette had not waived his objection, any error in the admission of the audio recording was harmless. The recording makes only vague reference to an intoxication offense, rather than direct mention of any prior DWI conviction. The audio that is the subject of defense counsel's objection was played only once in open court to the jury, an instruction to disregard was given by the trial court, and only a redacted version excluding the three complained-of references was sent back with the jury to watch during deliberations. Further, the record contains ample evidence to support the jury's finding that Doucette was driving while intoxicated. Several witnesses testified that Doucette was weaving in his lane. When officers took an inventory of Doucette's vehicle, they found several open containers of alcohol. Officers testified that Doucette stumbled, that his eyes were bloodshot, that his speech was slurred, and that he smelled of alcohol. Officers administered three different field sobriety tests, all of which Doucette failed. And the jury had the opportunity to view the recording of the traffic stop and Doucette's behavior. In light of the evidence

4

of intoxication available to the jury, we conclude that the publication to the jury of the audio about which Doucette complains, even if erroneous, was not harmful. *See Fox v. State*, 283 S.W.3d 85, 95 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (trial court's erroneous admission of extraneous offense evidence is non-constitutional error; error that had no or only slight influence on the jury's verdict may be disregarded).

Accordingly, we overrule Doucette's issue, and we affirm the judgment of conviction.

_____

Jeff Rose, Justice

Before Justices Henson, Rose and Goodwin

Affirmed

Filed:   March 9, 2011

Do Not Publish

5