

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00222-CR

JOHN PAUL RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 358th District Court
Ector County, Texas
Trial Court No. D-19-2062-CR, Honorable John Shrode, Presiding

October 17, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant John Paul Ramirez was charged by indictment with the attempted capital murder of Crystal Chavez and Gaston Valdez (count one),[1] aggravated assault with a deadly weapon-family violence of Chavez (count two),[2] and aggravated assault with a deadly weapon of Valdez (count three).[3] A jury acquitted Appellant of attempted capital

---

[1] *See* TEX. PENAL CODE ANN. §§ 15.01(a), 19.03(a)(1).

[2] *See* TEX. PENAL CODE ANN. § 22.02(b)(1).

[3] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

murder but convicted him of the two remaining charges. It assessed punishment at sixty years of confinement on each conviction.[4] The district court imposed sentence accordingly and ordered the sentences run concurrently.

On appeal, Appellant argues the evidence supporting his identification as the perpetrator of the convicted offenses was insufficient and the trial court reversibly erred by allowing the deliberating jury to receive transcripts of requested testimonial excerpts. We overrule Appellant's two issues and affirm the judgment of the district court.

## Background

In the early morning hours of October 22, 2019, Chavez and Valdez were patrons of an Odessa, Texas bar. As they departed the establishment, an individual assaulted them in the parking lot, inflicting serious and potentially life-threatening injuries on both. Friends rushed them to a local hospital; both survived. Police arrested Appellant; he was charged, convicted, and sentenced as noted. This appeal followed.[5]

## Analysis

Evidence Identifying Appellant as the Assailant

During trial, Chavez identified "John Ramirez," the Appellant, as the person she called "JP" and as the person who stabbed her on October 22, 2019. By his second

---

[4] Based on a prior conviction, enhancements applied to both convictions. *See* TEX. PENAL CODE ANN. §§ 12.42(c)(1) (count two); 12.42(b) (count three).

[5] Originally appealed to the Eleventh Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

2

issue,[6] Appellant argues there was insufficient evidence to support Chavez's identification of him as the assailant. As Appellant frames the issue, "The question for this Court is then whether Crystal Chavez's identification, standing alone, is legally sufficient to sustain a conviction for aggravated assault." He acknowledges prior holdings in which convictions were upheld due to eyewitness identification but claims those are distinguishable because the assailant was unknown to the victim before the attack. Appellant asserts, without support, that the State was required to present eyewitness testimony from someone other than Chavez due to the risk that her initial impression was wrong. We reject Appellant's argument.

It is the State's burden to prove beyond a reasonable doubt that the accused is the person who committed the charged offense. *Miller v. State,* 667 S.W.2d 773, 775 (Tex. Crim. App. 1984). The law does not specify a particular method or formalized procedure for proving the identity of the accused. *Lewis v. State,* No. 03-13-00275-CR, 2015 Tex. App. LEXIS 3746, at *5 (Tex. App.—Austin Apr. 16, 2015, pet. ref'd) (mem. op., not designate for publication). Identification may be proved by direct evidence, circumstantial evidence, or even inferences. *Wiggins v. State,* 255 S.W.3d 766, 771 (Tex. App.—Texarkana 2008, no pet.).

When determining whether the evidence is sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a

---

[6] We begin with Appellant's second issue because by it he seeks rendition of a judgment of acquittal. *See Davis v. State,* 413 S.W.3d 816, 820 (Tex. App.—Austin 2013, pet. ref'd) ("We begin by reviewing the sufficiency of the evidence supporting [appellant's] conviction, the appellate ground potentially affording him an acquittal, the greatest possible relief.").

3

rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

There is more than ample evidence by which the jury could have independently assessed the accuracy of Chavez's in-court identification of Appellant as the assailant. Chavez had personally known Appellant for nearly a decade before the attack. She and Appellant were not simply acquaintances but had shared a sexual relationship during part of this time. When she left the bar with Valdez on October 22, 2019, Chavez contemporaneously remarked that she could see her "ex JP" standing near the bar and staring at them; Valdez confirmed this comment from the witness stand. When asked if there was any doubt in her mind that the person she initially saw standing near the bar was Appellant, Chavez testified, "There's no doubt. I knew it was him."

Valdez and Chavez decided to return to the bar. That is when, according to Chavez, Appellant rushed at the two victims. According to both victims' testimonies, Valdez was attacked when standing near the back of his pickup. Although Valdez testified he was unable to get a good look at his attacker's face, he described the attacker's physical build as being consistent with that of Appellant. Chavez, however, identified

4

Appellant as the one who hit Valdez.[7]  Chavez said there was no doubt in her mind: "No doubt.  JP hit him."

According to Chavez, her attacker then moved to her.  He "hit me on my face and was calling me a stupid whore."  Chavez fell, and her attacker climbed on top: "He was like straddled on me and we were like struggling and he was hitting me and stabbing me with something and stopped and ran."  Chavez testified she could recognize the attacker's voice and see his face.  When Chavez managed to get back into the bar, she reported to her friend that "JP" was the assailant: "He's out there.  He's out there, and he did this."  When speaking with police while being treated in the emergency room, Chavez again reported that "JP" was her attacker.

We reject Appellant's argument that Chavez's identification of Appellant should be disregarded *because* she intimately knew him.  Contrary to Appellant's position, we require non-expert witnesses to demonstrate the basis for their personal knowledge.  TEX. R. EVID. 602.  The evidence of her former intimate relationship and familiarity with Chavez's voice and face showed the basis for her in-court identification of Appellant.  Appellant's argument that if Chavez's "initial impression is wrong, then all subsequent action reinforces the victim's honest—but mistaken—belief as to the identity of her attacker," is not unique to situations in which the accused and victim know each other.  Appellant had the opportunity to test Chavez for mistake or bias, and the jury had the province of assessing her testimony.

---

[7] Valdez later learned he had also been stabbed numerous times.

5

But beyond Chavez's familiarity with Appellant's face and voice is the evidence showing a lengthy history of physically abusive conduct directed by a jealous Appellant at Chavez. Without objection, the jury heard that years earlier, Appellant punched Chavez on the arm and head at her children's school because he was angry that she had a conversation with another man. The jury also heard that on another occasion in which Chavez was allegedly communicating with another man, Appellant choked her to near unconsciousness before fleeing the room. And on yet a third occasion in which Chavez was allegedly "talking to someone," Appellant broke the front door to the home of Chavez's mother, forcibly removed Chavez's phone, and left. During numerous portions of Chavez's testimony, and again without objection, the jury also heard of instances in which Appellant parked his vehicle outside her home. All of this evidence is relevant to support the State's theory describing why Chavez was accurate when she identified "JP" as the man staring at her and Valdez, violently attacking the two, and calling Chavez a "stupid whore." *See* TEX. R. EVID. 404(b)(2) (providing that evidence of a crime, wrong, or other act may be admissible to prove identity and *modus operandi*); *Casey v. State*, 215 S.W.3d 870, 881 (Tex. Crim. App. 2007).

It is true, as Appellant points out, that both Chavez and Valdez reportedly consumed alcohol and cocaine before the attack, and that no DNA evidence or weapon links Appellant to the crime scene. But the jury had the opportunity to assess the accuracy of the witnesses' testimony in light of this evidence. We have previously held that "[a] victim's testimony alone is sufficient to support a conviction even without physical evidence linking the accused to the crime." *Medlock v. State*, No. 07-15-00359-CR, 2017 Tex. App. LEXIS 7104, at *1–2 (Tex. App.—Amarillo, July 27, 2017, pet. ref'd). There is

6

no rule of evidence requiring that eyewitness testimony be supplemented by DNA, other physical evidence, or production of the weapon. *See, e.g., Harper v. State,* No. 14-19-00736-CR, 2021 Tex. App. LEXIS 9083, at *7–9 (Tex. App.—Houston [14th Dist.] Nov. 9, 2021, no pet.) (mem. op., not designated for publication) (pointing out that sufficiency of evidence regarding identification of the suspect is not limited to specific forms of evidence); *Briggs v. State*, No. 02-18-00470-CR, 2020 Tex. App. LEXIS 469, at *13–14 (Tex. App.—Fort Worth Jan. 16, 2020, no pet.) (mem. op., not designated for publication) (finding testimony of witness that defendant was in victim's apartment sufficient despite the absence of DNA and physical evidence at crime scene, even with evidence that witness was viewed by police as evasive and uncooperative); *Harmon v. State,* 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (finding sufficient evidence via victim identification, despite the absence of defendant's DNA, fingerprints, weapon, or other physical evidence).  Therefore, viewing the evidence in the light most favorable to the verdict, we conclude sufficient evidence supported the jury's finding beyond a reasonable doubt that Appellant perpetrated the assaultive offenses for which he was convicted.  Appellant's second issue is overruled.

Submission of a Transcript to the Jury

Through what was presented as his first issue, Appellant contends the trial court reversibly erred by submitting a transcript of testimony to the jury rather than reading the portions aloud in court.  Article 36.28 of the Texas Code of Criminal Procedure provides in relevant part that if the jury indicates disagreement as to the statement of any witness, the court may "have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other . . . ."  TEX. CODE CRIM. PROC.

ANN. art. 36.28. While the jury was deliberating, the trial court received a note about Chavez's and Valdez's testimony regarding "going to the truck with [Valdez/Chavez] up to the point of attack." The court assumed the jury's note to mean that jurors were in disagreement. So the court proposed the following solution:

> [The Court]: *If nobody objects*, I would like to instruct the court reporter to print out the testimony they're asking for. *But if someone objects, I will not do that.*
>
> What's your position, state?
>
> [State's Counsel]: I think we should do that.
>
> [The Court]: Okay. Defense?
>
> [Defense Counsel]: No objections, Your Honor.
>
> [The Court]: Okay. *If both parties are agreed*, I'm going to instruct our court reporter to print out the notes with the testimony they're asking for and have the bailiff take them to them. And my understanding is everybody's in agreement.
>
> Is that correct, defense?
>
> [Defense Counsel]: Yes, sir.
>
> [The Court]: Is that correct, State?
>
> [State's Counsel]: Yes, sir.

(emphasis added).

Texas Rule of Appellate Procedure 33.1 requires in part that as a prerequisite to presenting a complaint for appellate review, the complaining party must make a timely request, objection, or motion that states the grounds of the complaint with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). Because Appellant's counsel agreed with the court's proposal to submit the printed testimony to the jury, this issue

8

appears to have been forfeited on appeal. Anticipating this problem, however, Appellant argues that the trial court's error was fundamental, thus relieving Appellant of his burden.

The Court of Criminal Appeals has identified three categories of rights subject to protection, in *Marin v. State,* 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State,* 947 S.W.2d 262 (Tex. Crim. App. 1997). They are: (1) "absolute requirements and prohibitions" or "systemic" rights;[8] (2) "waivable" rights or "rights of litigants which must be implemented by the system unless expressly waived";[9] and (3) "rights of litigants which are to be implemented upon request."[10] *Id.* at 279.

Appellant's complained-of error does not violate a constitutional right. Even rights that relate to constitutional protections require a timely objection in some instances. *Saldano,* 70 S.W.3d at 889 (holding defendant's complaint that admission of evidence allegedly violative of the Equal Protection Clause was forfeited for lack of a timely objection at trial); *Honea v. State,* No. 11-19-00319-CR, 2021 Tex. App. LEXIS 7360, at *23 (Tex. App.—Eastland Sept. 2, 2021, pet. ref'd) (mem. op.) ("Failure to object at trial

---

[8] These are rights "which are essentially independent of the litigants' wishes. Implementation of these requirements is not optional and cannot, therefore, be waived or forfeited by the parties." *Sanchez v. State,* 120 S.W.3d 359, 366 (Tex. Crim. App. 2003) (citing *Marin,* 851 S.W.2d at 279). Examples of absolute systemic requirements include jurisdiction over the person, jurisdiction over the subject matter, and compliance with the Separation of Powers Section of the Texas Constitution. *Saldano v. State,* 70 S.W.3d 873, 888 (Tex. Crim. App. 2002).

[9] These are rights that "are not extinguished by inaction alone. Instead, if a defendant wants to relinquish one or more of them, he must do so expressly." *Sanchez,* 120 S.W.3d at 366 (citing *Marin,* 851 S.W.2d at 278–79). Examples include the right to assistance of counsel and the right to trial by jury. *Saldano,* 70 S.W.3d at 888.

[10] A party must "insist upon [the implementation of these rights] by objection, request, motion, or some other behavior calculated to exercise the right in a manner comprehensible to the system's impartial representative, usually the trial judge . . . . The trial judge as an institutional representative has no duty to enforce forfeitable rights unless requested to do so." *Sanchez,* 120 S.W.3d at 366 (citing *Marin,* 851 S.W.2d at 279–80). "[W]hen a defendant fails to assert his forfeitable rights at trial, no error attends failure to enforce them and none is presented for review on appeal." *Id.* (citing *Marin,* 851 S.W.2d at 280) (internal quotation marks omitted).

may waive even constitutional errors.") (cleaned up). Moreover, article 36.28 does not provide a process to waive rights, unlike article 1.051(e) which was at issue in *Marin*. 851 S.W.2d at 280 (holding that defendant's right to have counsel with at least 10 days of preparation time could not be forfeited through inaction because statute expressly referred to waiver).

We are not persuaded that denial of Appellant's "rights" under article 36.28 constitutes category one or two error under *Marin*. Cases show that a court may err under article 36.28 when the evidence submitted to the jury does not fairly represent all of the relevant evidence at trial. *See Fox. v. State,* 283 S.W.3d 85, 91 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Even under such circumstances, however, reviewing courts have noted that such error does not necessarily affect the substantive rights of the appellant. *Id.*; *Brown v. State,* 870 S.W.2d 53, 55 (Tex. Crim App. 1994). Accordingly, consistent with this authority, we hold that Appellant was required to lodge a timely objection to the trial court's failure to follow article 36.28 to preserve the issue for appeal. *See Thomas v. State,* 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) ("Complaints about error in the reading of trial testimony must be preserved by objection at the time of the reading."); *Randon v. State,* 107 S.W.3d 646, 649 (Tex. App.—Texarkana 2003, no pet.) (holding the appellant's "failure to object to having witness testimony read back to the jury waived appellate review of any alleged error."); *Boatwright v. State,* 933 S.W.2d 309, 310–11 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (complaint about alleged noncompliance with articles 36.27 and 36.28, requires objection or bill of exception). Because Appellant failed to lodge a timely objection and, in fact, agreed with the trial

10

court's proposal, his complaint was forfeited for review. TEX. R. APP. P. 33.1(a). Appellant's first issue is overruled.

## Conclusion

Having overruled Appellant's two issues on appeal, we affirm the judgment of the district court.[11]

Lawrence M. Doss
Justice

Do not publish.

---

[11] Also before the Court are two pro se motions filed by Appellant. They are each denied.